**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RICHARD MOREAU** | : | |
| | : | |
| **vs.** | : | **C.A. NO. 04-459S** |
| | : | |
| **DEPARTMENT OF CORRECTIONS; ASHBEL T. WALL, DIRECTOR; JAMES WEEDEN, WARDEN; JOSEPH MAROCCO, ASSOCIATE DIRECTOR, HEALTH CARE SERVICES SCOTT ALLEN, M.D., MEDICAL PROGRAM DIRECTOR; DR. SMILEY; DR. FIGUEROA; BARBARA A. CARROLL, RN, PHYSICIAN EXTENDER; MARILYN GREJDUS, RN, CORRECTIONAL OFFICER; JOHN DOE ONE; JOHN DOE TWO; and JOHN DOE THREE** | : | |

**ANSWER OF DEFENDANT SCOTT ALLEN, M.D.**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Now comes the defendant Scott Allen, M.D. [hereinafter sometimes referred to as "this defendant"], and hereby answers the plaintiff's First Amended Complaint filed as follows:

**FIRST DEFENSE**
**COMPLAINT**

1. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of that portion of the plaintiff's First Amended Complaint and therefore leaves the plaintiff to his proof thereof.

2. This defendant makes no response to the allegations contained in paragraphs 2, 3, 4, 7, 8, 9, 10, 11, 12, or 13 of plaintiff's First Amended Complaint inasmuch as said allegations are not

directed to him; however, to the extent said allegations purport to state a claim against this defendant, said allegations are specifically denied.

3. This defendant specifically denies the allegations contained in paragraphs 5 and 6 of plaintiff's First Amended Complaint.

4. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of plaintiff's First Amended Complaint and therefore leaves the plaintiff to his proof thereof.

**SECOND DEFENSE**
**COUNT I**

**[Negligence and Professional Malpractice]**

1. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Count I of plaintiff's First Amended Complaint and therefore leaves the plaintiff to his proof thereof.

2. This defendant specifically denies the allegations contained in paragraphs 16, 17, 18, 19, and 20 of Count I of plaintiff's First Amended Complaint.

3. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Count I of plaintiff's First Amended Complaint, and therefore leaves the plaintiff to his proof thereof.

4. This defendant specifically denies the allegations contained in paragraphs 22 and 23 of Count I of plaintiff's First Amended Complaint.

5. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Count I of plaintiff's First Amended Complaint, and therefore leaves the plaintiff to his proof thereof.

6. This defendant specifically denies the allegations contained in paragraphs 25 and 26 of Count I of plaintiff's First Amended Complaint.

7. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Count I of plaintiff's First Amended Complaint, and therefore leaves the plaintiff to his proof thereof.

8. This defendant specifically denies the allegations contained in paragraph 28 of Count I of plaintiff's First Amended Complaint.

9. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 29, 30, and 31 of Count I of plaintiff's First Amended Complaint, and therefore leaves the plaintiff to his proof thereof.

10. This defendant specifically denies the allegations contained in paragraphs 32, 33, 34, and 35 of Count I of plaintiff's First Amended Complaint.

11. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of Count I of plaintiff's First Amended Complaint, and therefore leaves the plaintiff to his proof thereof.

12. This defendant specifically denies the allegations contained in paragraphs 37, 38, 39, and 40 of Count I of plaintiff's First Amended Complaint.

WHEREFORE, defendant Scott Allen, M.D. respectfully prays that the plaintiff be awarded no relief by and through the above-captioned matter, that this Honorable Court grant judgment in

favor of this defendant and against the plaintiff, and that this defendant be awarded all reasonable attorneys' fees and costs incurred in the defense of the above-entitled action.

**THIRD DEFENSE**
**COUNT II**

**[Violation of Open Records Statute]**

1. This defendant reasserts his responses to the allegations contained in paragraphs 1 through 41 [sic] of plaintiff's First Amended Complaint and incorporates his responses to said paragraphs by reference, as if set forth fully at length herein.

2. This defendant specifically denies the allegations contained in paragraphs 42,43, 44, and 45 of Count II of plaintiff's First Amended Complaint.

WHEREFORE, defendant Scott Allen, M.D. respectfully prays that the plaintiff be awarded no relief by and through the above-captioned matter, that this Honorable Court grant judgment in favor of this defendant and against the plaintiff, and that this defendant be awarded all reasonable attorneys' fees and costs incurred in the defense of the above-entitled action.

**FOURTH DEFENSE**
**COUNT III**

**[Article I Section 2 Deprivation of Rights and Article I Section 8 Deprevation of Rights under the Rhode Island Constitution and Rights Guaranteed under the Constitution of the United States]**

1. This defendant reasserts his responses to the allegations contained in paragraphs 1 through 40 of plaintiff's First Amended Complaint and incorporates his responses to said paragraphs by reference, as if set forth fully at length herein.

2. This defendant specifically denies the allegations contained in paragraphs 47, 48, 49, 50, 51, 52, 53, 54, and 55 of Count III of plaintiff's First Amended Complaint.

3. This defendant makes no response to the statement contained in paragraph 56 of Count III of plaintiff's First Amended Complaint inasmuch as it does not contain any allegations directed to him.

**FIFTH DEFENSE**

This defendant specifically denies that the plaintiff is entitled to any of the relief sought in any of the paragraphs or allegations contained in the plaintiff's First Amended Complaint.

**SIXTH DEFENSE**

This defendant specifically denies all remaining and heretofore unanswered allegations contained anywhere in the plaintiff's First Amended Complaint.

**SEVENTH DEFENSE**

Without assuming any burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to or in connection with the plaintiff's failure to state a claim upon which relief may be granted.

**EIGHTH DEFENSE**

Without assuming any burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to or in connection with insufficiency of service of process.

**NINTH DEFENSE**

Without assuming any burden of proof by so doing, this defendant asserts any and all applicable and affirmative defenses relating to or in connection with the lack of subject matter jurisdiction.

**TENTH DEFENSE**

Without assuming any burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to or in connection with lack of personal jurisdiction.

**ELEVENTH DEFENSE**

Without assuming any burden of proof by so doing, this defendant asserts any and all applicable defenses relating to or in connection with a failure to join a necessary and indispensable party.

**TWELFTH DEFENSE**

Without assuming any burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to or in connection with a violation of the statute of limitations.

**THIRTEENTH DEFENSE**

Without assuming any burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to or in connection with the plaintiff's failure to exhaust administrative remedies.

## FOURTEENTH DEFENSE

Without assuming any burden of proof by so doing, this defendant asserts that the plaintiff may have been guilty of conduct that caused and/or contributed to the injuries or damages complained of, and this defendant asserts any and all applicable defenses relating to or in connection with comparative negligence and contributory negligence.

## FIFTEENTH DEFENSE

In the even that the plaintiff sustained or suffered any injuries or damages as a results of the incidents and events described in the plaintiff's First Amended Complaint, which allegations are specifically denied, this defendant avers that any such injuries or damages were neither caused nor contributed to, either directly or indirectly, by any act or omission of this defendant, his agents, servants or employees, but said injuries or damages, if any, were the result of intervening acts or omissions of persons or entities of this defendant, his agents, servants or employees, for which acts or omissions this defendant is neither responsible nor liable.

## SIXTEENTH DEFENSE

Without assuming any burden of proof by so doing, this defendant asserts any and all applicable defenses relating to assumption of the risk.

## SEVENTEENTH DEFENSE

This defendant specifically denies that he is guilty of any negligence alleged in the plaintiff's First Amended Complaint.

## EIGHTEENTH DEFENSE

This defendant specifically reserves the right to supplement or amend his Answer to the plaintiff's First Amended Complaint, adding further affirmative or other defenses as facts become known or discovered during the course of pre-trial discovery.

WHEREFORE, defendant Scott Allen, M.D. respectfully prays that the plaintiff be awarded no relief by and through the above-captioned matter, that this Honorable Court grant judgment in favor of this defendant and against the plaintiff, and that this defendant be awarded all reasonable attorneys' fees and costs incurred in the defense of the above-entitled action.

Defendant,
Scott Allen, M.D.
By his Attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

Jay M. Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

## JURY DEMAND

Defendant Scott Allen, M.D. hereby claims a trial by jury and designates Jay M. Elias, Esquire as trial counsel.

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 23 day of June, 2005, to the following:

Joseph Anthony DiMaio, Esquire
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

Peggy Medaglia

*Answer*