UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICHARD MOREAU

VS. C.A. NO. 04-459 (S)

STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS, ASHBEL T. WALL, JAMES WEEDEN, JOSEPH MAROCCO, SCOTT ALLEN, MD, DR. SMILEY, BARBARA A. CARROLL, R.N., MARYLYN GREJUDUS, R.N., JOHN DOE (1), JOHN DOE (2), JOHN DOE (3)

# ANSWER OF DEFENDANT, HARRISON SMILEY, O.D. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Now comes Defendant, Harrison Smiley, O.D., (hereinafter referred to as "Defendant" or "this defendant") and hereby answers the First Amended Complaint ("Complaint") of Plaintiff, Richard Moreau ("Plaintiff"), as follows:

1. This Defendant admits that the plaintiff was an inmate at the Adult Correctional Institutional during the time material to this Complaint; however, this Defendant denies that the plaintiff was "at all times in the custody and control" of this Defendant.

2. This Defendant makes no response to the allegations contained in Paragraph 2, inasmuch as said allegations are not directed to this Defendant; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

3. This Defendant makes no response to the allegations contained in Paragraph 3, inasmuch as said allegations are not directed to this Defendant; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

4. This Defendant makes no response to the allegations contained in Paragraph 4, inasmuch as said allegations are not directed to this Defendant; however, to the extent the

allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

5. This Defendant makes no response to the allegations contained in Paragraph 5, inasmuch as said allegations are not directed to this Defendant; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

6. This Defendant makes no response to the allegations contained in Paragraph 6, inasmuch as said allegations are not directed to this Defendant; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

7. This Defendant admits that he was an independent contractor who provided ophthalmic medical consultations at the Adult Correctional Institution and provided treatment to the Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 7.

8. This Defendant makes no response to the allegations contained in Paragraph 8, inasmuch as said allegations are not directed to this Defendant; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

9. This Defendant makes no response to the allegations contained in Paragraph 9, inasmuch as said allegations are not directed to this Defendant; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

10. This Defendant makes no response to the allegations contained in Paragraph 10, inasmuch as said allegations are not directed to this Defendant; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

11. This Defendant makes no response to the allegations contained in Paragraph 11, inasmuch as said allegations are not directed to this Defendant; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

12. This Defendant makes no response to the allegations contained in Paragraph 12, inasmuch as said allegations are not directed to this Defendant; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

13. Defendant denies that he was employed by the State of Rhode Island and is without knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 and therefore, leaves the Plaintiff to his proof thereof.

14. No response is required of this Defendant to the allegations contained in Paragraph 14 as said allegations amount to legal conclusions.

**COUNT 1**

Negligence and Professional Malpractice

15. Paragraph 15 does not contain information sufficient to render a response; however, this defendant admits that the Plaintiff was incarcerated at the ACI in 2000, but is without knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15, and therefore, leaves the plaintiff to his proof thereof.

16. To the extent the allegations contained in Paragraph 16 are directed to this defendant, said allegations are specifically denied.

17. This defendant admits that the Plaintiff was incarcerated at the ACI at the time relevant to this Complaint; however, it is denied that plaintiff was in the care, custody, or control of this defendant.

18. To the extent the allegations contained in Paragraph 18 are directed to this defendant, said allegations are specifically denied.

19. To the extent the allegations contained in Paragraph 19 are directed to this defendant, said allegations are specifically denied.

20. To the extent the allegations contained in Paragraph 20 are directed to this defendant, said allegations are specifically denied.

21. This defendant is without knowledge sufficient to form a belief as to the truth to the allegations contained in Paragraph 21 and therefore, leaves the plaintiff to his proof thereof.

22. To the extent the allegations contained in Paragraph 22 are directed to this defendant, said allegations are specifically denied.

23. To the extent the allegations contained in Paragraph 23 are directed to this defendant, said allegations are specifically denied.

24. This defendant is without knowledge sufficient to form a belief as to the truth to the allegations contained in Paragraph 24 and therefore, leaves the plaintiff to his proof thereof.

25. To the extent the allegations contained in Paragraph 25 are directed to this defendant, said allegations are specifically denied.

26. To the extent the allegations contained in Paragraph 26 are directed to this defendant, said allegations are specifically denied.

27. This defendant is without knowledge sufficient to form a belief as to the truth to the allegations contained in Paragraph 27 and therefore, leaves the plaintiff to his proof thereof.

28. To the extent the allegations contained in Paragraph 28 are directed to this defendant, said allegations are specifically denied.

29. This defendant is without knowledge sufficient to form a belief as to the truth to the allegations contained in Paragraph 29 and therefore, denies said allegations and leaves the plaintiff to his proof thereof.

30. To the extent the allegations contained in Paragraph 30 are directed to this defendant, said allegations are specifically denied.

31. This defendant is without knowledge sufficient to form a belief as to the truth to the allegations contained in Paragraph 31 and therefore, leaves the plaintiff to his proof thereof.

32. To the extent the allegations contained in Paragraph 32 are directed to this defendant, said allegations are specifically denied.

33. This defendant is without knowledge sufficient to form a belief as to the truth to the allegations contained in Paragraph 33 and therefore, leaves the plaintiff to his proof thereof.

34. It is admitted that this defendant noted a deterioration in the patient's vision on 10/29/01.

35. It is admitted that this defendant noted unexplained vision loss in the plaintiff on 10/29/01.

36. This defendant is without knowledge sufficient to form a belief as to the truth to the allegations contained in Paragraph 36 and therefore, leaves the plaintiff to his proof thereof.

37. To the extent the allegations Paragraph 37 are directed to this defendant, said allegations are specifically denied.

38. To the extent the allegations Paragraph 38 are directed to this defendant, said allegations are specifically denied.

39. To the extent the allegations Paragraph 39 are directed to this defendant, said allegations are specifically denied.

40. To the extent the allegations Paragraph 40 are directed to this defendant, said allegations are specifically denied.

WHEREFORE, this Defendant respectfully requests that Plaintiff's Amended Complaint be dismissed; that Judgement be entered for the Defendants; that costs and attorney's fees be awarded to Defendants; and such other further relief as justice may require.

**COUNT II**

Violation of Open Records Statute

41. This Defendant re-states his responses to Paragraphs 1-40 as if fully set forth herein.

42. Paragraph 42 seeks legal conclusions as to which no responsive pleading is required; to the extent the allegations contained therein purport to state a claim against Defendant, said allegations are specifically denied.

43. To the extent the allegations contained in Paragraph 43 are directed to this defendant, said allegations are specifically denied.

44. To the extent the allegations contained in Paragraph 44 are directed to this defendant, said allegations are specifically denied.

45. To the extent the allegations contained in Paragraph 45 are directed to this defendant, said allegations are specifically denied.

WHEREFORE, this Defendant respectfully requests that Plaintiff's Amended Complaint be dismissed; that Judgement be entered for the Defendants; that costs and attorney's fees be awarded to Defendants; and such other further relief as justice may require.

## COUNT III

Article I Section 2 Deprivation of Rights and Article I Section 8 Deprivation of Rights under the Rhode Island Constitution and Rights Guaranteed under the Constitution of the United States

46. This Defendant re-states his responses to Paragraphs 1-40 as if fully set forth herein.

47. Paragraph 47 seeks legal conclusions as to which no responsive pleading is required; to the extent the allegations contained therein purport to state a claim against Defendant, said allegations are specifically denied.

48. To the extent the allegations contained in Paragraph 48 are directed to this defendant, said allegations are specifically denied.

49. To the extent the allegations contained in Paragraph 49 are directed to this defendant, said allegations are specifically denied.

50. To the extent the allegations contained in Paragraph 50 are directed to this defendant, said allegations are specifically denied.

51. To the extent the allegations contained in Paragraph 51 are directed to this defendant, said allegations are specifically denied.

52. To the extent the allegations contained in Paragraph 52 are directed to this defendant, said allegations are specifically denied.

53. To the extent the allegations contained in Paragraph 53 are directed to this defendant, said allegations are specifically denied.

54. To the extent the allegations contained in Paragraph 54 are directed to this defendant, said allegations are specifically denied.

55. To the extent the allegations contained in Paragraph 55 are directed to this defendant, said allegations are specifically denied.

56. No response is required of this defendant as to Paragraph 56, as said Paragraph contains no allegations.

WHEREFORE, this Defendant respectfully requests that Plaintiff's Amended Complaint be dismissed; that Judgement be entered for the Defendants; that costs and attorney's fees be awarded to Defendants; and such other further relief as justice may require.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant denies all remaining and heretofore unanswered allegations contained in Plaintiff's Complaint.

### SECOND DEFENSE

Without assuming the burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to or in connection with insufficiency of service of process.

### THIRD DEFENSE

Without assuming the burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to or in connection with failure to join a necessary and indispensable party.

### FOURTH DEFENSE

Without assuming the burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to or in connection with the statute of limitations failure to join a necessary and indispensable party.

### FIFTH DEFENSE

Without assuming the burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to or in connection with plaintiff's failure to exhaust administrative remedies.

### SIXTH DEFENSE

Without assuming the burden of proof by so doing, this defendant asserts any that the plaintiff may have been guilty of conduct that caused and/or contributed to the injuries and/or damages complained of, and this defendant asserts any and all applicable affirmative defenses relating or in connection with comparative negligence and contributory negligence.

## SEVENTH DEFENSE

In the event that plaintiff suffered injuries or damages as a result of the incident described in plaintiff's Complaint, (which allegations are specifically denied), this defendant avers that such injury or damage was not caused, directly or indirectly, by any act or omission of this defendant, but such injury or damage, if any, was caused by the intervening acts or omissions of persons and/or entities other than this defendant, his agents, servants or employees, for which acts or omissions this defendant is neither responsible or liable.

## EIGHTH DEFENSE

Without assuming the burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to assumption of the risk.

## NINTH DEFENSE

This defendant specifically denies that he is guilty of negligence.

## TENTH DEFENSE

This defendant specifically reserves the right to supplement and/or amend his answer to plaintiff's complaint, adding further affirmative or other defenses as facts became known during the course of pretrial discovery.

**WHEREFORE,** defendant prays that the plaintiff be awarded no relief by or through the captioned matter, and that the Court grant a judgment in its favor and against plaintiff, and that defendant be awarded all reasonable attorney's fees and costs.

Defendant, Harrison Smiley, O.D.,
By his Attorneys,

**Tate & Associates**

Alan R. Tate, Esquire (#1674)
Jeffrey G. Latham, Esquire (#6264)
321 South Main Street
Suite 300
Providence, RI 02903
401-421-7400
401-351-3239 [Fax]

DEFENDANT HEREBY CLAIMS A TRIAL BY JURY AND DESIGNATES ALAN R. TATE, ESQUIRE, AND JEFFREY G. LATHAM, ESQUIRE, AS TRIAL COUNSEL.

## CERTIFICATION

I hereby certify that a true and accurate copy of the within was mailed postage prepaid on the 4th day of August, 2005, to the following:

Joseph-Anthony DiMaio, Esquire
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

Jay M. Elias, Esquire
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

Thomas A. Palombo, Esquire
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903

3875.a