**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RICHARD MOREAU<br><br>VS.<br><br>STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS, ASHBEL T. WALL, DIRECTOR, JAMES WEEDEN, WARDEN, JOSEPH MAROCCO, ASSOCIATE DIRECTOR OF HEALTH CARE, SCOTT ALLEN, MD, DR. SMILEY, BARBARA A. CARROLL, RN, MARYLYN GREJUDUS, RN, JOHN DOE (1), JOHN DOE (2), JOHN DOE (3) | ) | C.A. No: 04-459S |

**PLAINTIFF'S, RESPONSE TO**
**DEFENDANT, HARRISON T. SMILEY, O.D.'S**
**OBJECTION TO PLAINTIFF'S MOTION TO EXTEND TIME**

Now comes the Plaintiff, Richard Moreau, and responds to Harrison T. Smiley, O.D.'s objection by stating that Defendant's objection is meritless, and not in the interests of justice.

In support of Plaintiff's Motion to Modify Scheduling Order to Extend Time, Plaintiff stated that the preparation of two other trials may interfere with the diligent preparation of this matter. Plaintiff expands upon these grounds by stating that the diligent preparation of this matter is already substantially burdened by its own issues, some of which are beyond Plaintiff's control.

The Plaintiff's deposition did not take place until just weeks before the original discovery deadline. His deposition began on January 5, 2006, and then resumed on January 11, 2006, and again on January 12, 2006, only six (6) days before the close of discovery. Harrison T. Smiley, O.D., (Dr. Smiley) should be scrutinized by the same criticism raised in his memorandum, that the scheduling of a deposition realizing the rapidly approaching January 18, 2006 close of

discovery deadline, and the suggestion that such activity is a "tactic".[1]

Plaintiff was required to bring with him at his deposition additional documents referenced on an exhibit attached to his notice of deposition. Plaintiff's counsel arrived with additional documents, which had only recently been provided to the Plaintiff by a co-defendant. All other counsel should have received similar copies but claimed they did not.

In light of the additional documents, Dr. Smiley, through counsel, requested that all agree to re-convene Plaintiff's deposition at some future undetermined date once the documents were fully reviewed. To this date, the Plaintiff's deposition remains suspended at Dr. Smiley's request.

Also, by agreement of all parties, Dr. Smiley's deposition is yet to take place. Dr. Smiley's deposition is presently scheduled for January 27, 2006, assuming no scheduling abnormalities require additional mutual cooperation[2]. The accommodations disproportionately impact upon the Plaintiff who has the first obligation to comply with this court's present expert disclosure deadline. The problem is compounded by the fact that each deposition, including the Plaintiff's, is subject to the deponent's right to read and review their deposition transcripts.

---

1 *Defendant, Harrison T. Smiley's O.D.'s Memorandum of law in opposition to the Plaintiff's Motion to Extend Time, page 1.*

2 Plaintiff's counsel represents that the parties are still cooperating with respect to additional depositions noticed prior to the expiration of the initial discovery deadline. Most significantly, Plaintiff's counsel was informed today (*See* Exhibit A), Friday January 20, 2006, that the deposition of Barbara Carroll, which began and was mutually suspended on Tuesday, January 17, 2006, cannot continue as presently agreed due to Defendant Carroll's health issues. Defendant Carroll has survived a stoke and an amputation, and herself has a left-sided reading deficit which requires accommodation. She appeared in a wheelchair at a date, January 17, 2006, time, and place appropriately scheduled for her convenience and comfort. Defendant Carroll's son, Attorney John Carroll, Esq., also attended her deposition for her convenience, comfort, and care. The deposition was suspended after a reasonable time agreed by all in attendance, to resume on January 23, 2006.

Plaintiff would like to remain optimistic that the preparation, reading, reviewing, and signing of deposition transcripts will be performed with sufficient time for Plaintiff's anticipated experts to rise to the time challenge created by the transcript's actual availability, their own prior commitments, and the present scheduling order. However, given the Defendant's timing of Plaintiff's own deposition, and the other accommodations reasonably required by the frailties of other litigants, Plaintiff reserves the right to request further continuances which are anticipated given the specific human challenges which exist in this case.

Plaintiff proffers that the human challenges, which exist in this case, in addition to competing trial schedules, will surface despite the high level of counsel's optimism. Plaintiffs own human challenge, blindness, requires that he rely upon the availability of fellow incarcerated citizens with presumed systemic limitations of congregation. Plaintiff submits that as a check and balance he must congregate with at least two different sighted inmates whom can be trusted to read and review the transcript. Only by comparing his recollection of the two readings, can the Plaintiff then be assured of an accurate translation. In the event of an inaccuracy, it may require yet a third individual. Plaintiff has only recently begun learning brail even if the transcript were translated in that manner.

Plaintiff initially chose State Court as his forum of choice. State Court enjoys a different scheduling environment as duly noted by all counsel during the scheduling conference with this Honorable Court. It was further suggested that due to the medical issues that pertain to this case, that scheduling deadlines would need to be extended when and if adequate facts present themselves.

The demands and unique scheduling aspects of this case, illustrated above, are either beyond Plaintiff's control or were mutually consented to by all parties. Plaintiff's own human frailties are claimed the result of Defendants' conduct in the first instance. Plaintiff's own deposition, completed only days before the initial closure date, challenges the established deadlines due to the

accommodations that must be arranged for his reading and review of his own multi-day deposition.

If the coincidence of human frailties and normal scheduling issues did not mutually exist in this case, then the original schedule may be achievable, even with the burden of competing cases requiring preparation for trial. However, the combination of all factors stated in Plaintiff's Motion for Extension for Time will conflict with the diligent preparation which is already challenged by the unique issues presented by this case, Plaintiff argues that generous extensions of time should be granted, and that future requests should be anticipated in light of the unique composition of individuals that this case presents.

For the above reasons, Plaintiff opposes Defendant's objection and requests appropriate relief.

Plaintiff,
By Counsel,

Joseph-Anthony DiMaio, Esq.
Attorney #3910
Mckinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655

**CERTIFICATION**

I hereby certify that a true copy of the within Response was mailed to **Alan R. Tate Esq.**, 321 South Main Street, Suite 300, Providence, RI 02903; **Jay M. Elias, Esq**, 1600 Financial Plaza, Providence, RI 02903, **Thomas A. Palombo Esq.**, 150 South Main Street, Providence, RI 02903, on this Friday, January 20, 2006.