**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**RICHARD MOREAU**
**PLAINTIFF**

**V.** **C.A. NO. 04-459 S**

**STATE OF RHODE ISLAND,**
**DEPARTMENT OF CORRECTIONS,**
**ASHBEL T. WALL, DIRECTOR,**
**JAMES WEEDEN, WARDEN,**
**JOSEPH MAROCCO, ASSOCIATE DIRECTOR**
**OF HEALTH CARE, SCOTT ALLEN, MD,**
**DR. SMILEY, R. FIGUEROA,**
**BARBARA A. CARROLL, RN,**
**MARYLYN GREJDUS, RN,**
**JOHN DOE (1), JOHN DOE (2), JOHN DOE (3)**
**DEFENDANTS**

# AMENDED ANSWER

Now come Defendants, Barbara A. Carroll, R.N. and Marylyn Grejdus Hale, R.N. ("Defendants"), and hereby answer the First Amended Complaint ("Complaint") of Plaintiff, Richard Moreau ("Plaintiff' or "Moreau"), as follows:

1. Admitted.
2. Admitted, in his official capacity. Denied that Wall is a proper party Defendant in his individual capacity.
3. Admitted, in his official capacity. Denied that Weeden is a proper party Defendant in his individual capacity.
4. Admitted, in his official capacity. Denied that Marocco is a proper party Defendant in his individual capacity.

5. This Paragraph does not pertain to the answering Defendants and no responsive pleading is required thereto; if deemed required, Defendants deny the allegations of this Paragraph and leave Plaintiff to his proof thereof.
6. This Paragraph does not pertain to the answering Defendants and no responsive pleading is required thereto; if deemed required, Defendants deny the allegations of this Paragraph and leave Plaintiff to his proof thereof.
7. This Paragraph does not pertain to the answering Defendants and no responsive pleading is required thereto; if deemed required, Defendants deny the allegations of this Paragraph and leave Plaintiff to his proof thereof.
8. Admitted in her official capacity. Denied that Carroll is a proper party Defendant in her individual capacity.
9. Admitted in her official capacity. Denied that Hale is a proper party Defendant in her individual capacity.
10. This Paragraph does not pertain to the answering Defendants and no responsive pleading is required thereto; if deemed required, Defendants deny the allegations of this Paragraph and leave Plaintiff to his proof thereof.
11. This Paragraph does not pertain to the answering Defendants and no responsive pleading is required thereto; if deemed required, Defendants deny the allegations of this Paragraph and leave Plaintiff to his proof thereof.
12. This Paragraph does not pertain to the answering Defendants and no responsive pleading is required thereto; if deemed required, Defendants deny the allegations of this Paragraph and leave Plaintiff to his proof thereof.

13. Admitted only that the State employed Defendants Wall, Weeden, Marocco, Allen, Carroll and Hale. Any and all remaining allegations in this Paragraph are denied and Plaintiff is left to his proof thereof.

14. This Paragraph seeks legal conclusions as to which no responsive pleading is required; if deemed required, Defendants deny the allegations of this Paragraph and leave Plaintiff to his proof thereof.

**COUNT I**

**Negligence and Professional Malpractice**

15. This Paragraph contains no name and an incomplete date; however, it is generally admitted that Plaintiff was so committed on or about January 22, 2000.

16. Admitted, except that as to the allegation of "a birth defect," Defendants have no knowledge or information on which to admit or deny same and, therefore, deny said allegation and leave Plaintiff to his proof thereof.

17. Admitted only that Plaintiff did so remain at the Adult Correctional Institution. As to the remaining allegations in this Paragraph, Defendants have no knowledge or information on which to admit or deny same and, therefore, deny said allegations and leave Plaintiff to his proof thereof.

18. Defendants have no knowledge or information on which to admit or deny the allegations in this Paragraph and, therefore, deny said allegations and leave Plaintiff to his proof thereof.

19. Admitted only that Defendants knew of Plaintiff's hydrocephalus. As to the remaining allegations in this Paragraph, Defendants have no knowledge or

information on which to admit or deny same and, therefore, deny said allegations and leave Plaintiff to his proof thereof.

20. Denied that Defendants had knowledge or should have had knowledge "that Plaintiff had certain concerns."

21. Defendants have no knowledge or information on which to admit or deny the allegations in this Paragraph and, therefore, deny said allegations and leave Plaintiff to his proof thereof.

22. Admitted only that written medical requests are destroyed after a medical request is handled by the medical staff.

23. Defendants have no knowledge or information on which to admit or deny the allegations in this Paragraph and, therefore, deny said allegations and leave Plaintiff to his proof thereof.

24. Defendants have no knowledge or information on which to admit or deny the allegations in this Paragraph and, therefore, deny said allegations and leave Plaintiff to his proof thereof.

25. Defendants have no knowledge or information on which to admit or deny the allegations in this Paragraph and, therefore, deny said allegations and leave Plaintiff to his proof thereof.

26. Admitted only that Defendants knew of Plaintiff's hydrocephalus. As to the remaining allegations in this Paragraph, Defendants have no knowledge or information on which to admit or deny same and, therefore, deny said allegations and leave Plaintiff to his proof thereof.

27. Admitted only that Plaintiff received no treatment on said date. As to the remaining allegations in this Paragraph, Defendants have no knowledge or information on which to admit or deny same and, therefore, deny said allegations and leave Plaintiff to his proof thereof.
28. Defendants have no knowledge or information on which to admit or deny the allegations in this Paragraph and, therefore, deny said allegations and leave Plaintiff to his proof thereof.
29. Admitted only that Plaintiff received no treatment on said date. As to the remaining allegations in this Paragraph, Defendants have no knowledge or information on which to admit or deny same and, therefore, deny said allegations and leave Plaintiff to his proof thereof.
30. Defendants have no knowledge or information on which to admit or deny the allegations in this Paragraph and, therefore, deny said allegations and leave Plaintiff to his proof thereof.
31. Defendants have no knowledge or information on which to admit or deny the allegations in this Paragraph and, therefore, deny said allegations and leave Plaintiff to his proof thereof.
32. Defendants have no knowledge or information on which to admit or deny the allegations in this Paragraph and, therefore, deny said allegations and leave Plaintiff to his proof thereof.
33. Denied.
34. Admitted.

35. This Paragraph seeks legal conclusions as to which no responsive pleading is required; if deemed required, Defendants neither admit nor deny the allegations of this Paragraph and leave Plaintiff to his proof thereof.
36. Defendants have no knowledge or information on which to admit or deny the allegations in this Paragraph and, therefore, deny said allegations and leave Plaintiff to his proof thereof.
37. Denied.
38. Denied.
39. Denied.
40. Denied.

WHEREFORE, Defendants respectfully request that Plaintiff's First Amended Complaint be dismissed; that Judgment enter for Defendants; that costs and attorney's fees be awarded to Defendants; and such other and further relief as justice may require.

**COUNT II**

**Violation of Open Records Statute**

41. Defendants reallege Paragraphs 1-40 and incorporates said Paragraphs by reference as if fully set forth herein.
42. This Paragraph seeks legal conclusions as to which no responsive pleading is required; if deemed required, Defendants deny the allegations of this Paragraph and leave Plaintiff to his proof thereof.
43. Defendants have no knowledge or information on which to admit or deny the allegations in this Paragraph and, therefore, deny said allegations and leave Plaintiff to his proof thereof.

44. This Paragraph seeks legal conclusions as to which no responsive pleading is required; if deemed required, Defendants deny the allegations of this Paragraph and leave Plaintiff to his proof thereof.

45. Denied as to policy; however, it is admitted only that written medical requests are destroyed after a medical request is handled by the medical staff.

WHEREFORE, Defendants respectfully request that Plaintiff's First Amended Complaint be dismissed; that Judgment enter for Defendants; that costs and attorney's fees be awarded to Defendants; and such other and further relief as justice may require.

## Count III

**(Article I Section 2 Deprivation of Rights and Article I Section 8 Deprivation of Rights under the Rhode Island Constitution and Rights Guaranteed under the Constitution of the United States)**

46. Defendants reallege Paragraphs 1-40 and incorporates said Paragraphs by reference as if fully set forth herein.

47. This Paragraph seeks legal conclusions as to which no responsive pleading is required; if deemed required, Defendants deny the allegations of this Paragraph and leave Plaintiff to his proof thereof.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied

54. Denied.

55. Denied.

56. Denied, as to any asserted reservation of rights.

WHEREFORE, Defendants respectfully request that Plaintiff's First Amended Complaint be dismissed; that Judgment enter for Defendants; that costs and attorney's fees be awarded to Defendants; and such other and further relief as justice may require.

**DEFENDANTS HEREBY DEMAND A TRIAL BY JURY.**

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint fails to allege facts sufficient to show that Plaintiff is entitled to recover any damages as against Defendants.

### Second Affirmative Defense

Defendants have the benefit of the State's status as sovereign, together with all privileges and immunities which inure to said sovereign status.

### Third Affirmative Defense

Defendants have the benefit of all expressed and implied exceptions to the waiver of sovereign immunity.

### Fourth Affirmative Defense

At all times material to the matters alleged in the Complaint, the State, its officers, agents and employees, were in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiff if, in fact, any duties were owed.

### Fifth Affirmative Defense

Defendants claim the benefit of Eleventh Amendment immunity to the extent applicable to this civil action.

### Sixth Affirmative Defense

Defendants acted reasonably and in good faith and did not violate any clearly established law and, therefore, plead qualified immunity.

**Seventh Affirmative Defense**

The acts or omissions of Defendants were not a conscious disregard of Plaintiff's needs or rights; were not intentional and willful; and were not in violation of Federal or State law.

**Eighth Affirmative Defense**

The acts or omissions of Defendants do not constitute actual fraud, willful misconduct, or actual malice in violation of Federal or State law.

**Ninth Affirmative Defense**

Defendants assert any and all applicable defenses of assumption of the risk.

**Tenth Affirmative Defense**

Defendant asserts that Plaintiff caused and/or contributed to the alleged injuries or damages complained of, and therefore, Defendant pleads the doctrine of comparative and/or contributory negligence.

**Eleventh Affirmative Defense**

Plaintiff is not entitled to monetary damages as against Defendants under Federal or State law.

**Twelfth Affirmative Defense**

Plaintiff is not entitled to punitive damages as against Defendants under Federal or State law.

**Thirteenth Affirmative Defense**

Plaintiff is not entitled to attorney's fees, interest, or costs under Federal or State law.

**Fourteenth Affirmative Defense**

Defendant assert any and all applicable statute of limitations defenses.

WHEREFORE, Defendants respectfully request that Plaintiff's First Amended Complaint be dismissed; that Judgment enter for Defendants; that costs and Attorney's fees be awarded to Defendants; and such other and further relief as justice may require.

**DEFENDANT HEREBY DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of this Amended Answer, first class mail, postage pre-paid, on this 10th day of February, 2006 to those indicated below:

Melissa L. DiFonzo

**Joseph-Anthony DiMaio, Esquire**
McKinnon & Harwood
1168 Newport Avenue

**Jay Elias, Esquire**
Ratcliffe, Burke, Harten and Elias
1600 Financial Plaza
Providence, RI 02903

**Alan R. Tate, Esquire**
Tate & Elias
321 South Main Street
Providence, RI 02903
Pawtucket, RI 02861