number, and claim or policy number of each respective insurer, if any, who insured you against said claim; and the amount of any settlement monies paid.

**ANSWER:** Objection, on grounds that the Interrogatory is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

10. With respect to each count filed against you in this action by the Plaintiff, set forth in detail all facts which you rely upon in support of your denial that your actions or inactions did not cause or contribute to the injuries or damages alleged by the Plaintiff.

**ANSWER:** I conducted a physical examination of Mr. Moreau on September 26, 2001 at the Intake Services Center. This is the only contact I had with Mr. Moreau that I know of. On that date, I recorded that Mr. Moreau was feeling well with no complaints. I recorded his medications, allergies, tobacco, drug and alcohol use, and family medical history. I also recorded my physical examination. The record of my examination is a September 26, 2001 document that has been produced in discovery. A nurse actually conducted Mr. Moreau's eye examination on September 26, 2001. I discussed this with him. I determined that Mr. Moreau should see a Doctor of Optometry. I wrote that in the physical examination. On September 27, 2001, Doctor Osei reviewed and signed the physical examination document. At the time of my exam, if I thought Mr. Moreau was in an acute state, I would have asked the medical staff to transport Mr. Moreau to the emergency room.

11. Describe with sufficient detail all documents referred to or referenced in the preparation of your answers to interrogatories and responses to any requests for production from all parties.

**ANSWER:** I read Plaintiff's complaint and reviewed my physical examination of Mr. Moreau dated September 26, 2001.

12. Provide a privilege log of all documents not provided pursuant to any request for production.

**ANSWER:** None.

13. Please describe in medical terms the type of services you performed on the Plaintiff on each date; and as to each date chronicle each document or written request for medical care you reviewed, each observation you made and each instrument or other object, if any, you used during the course of rendering services to the Plaintiff in the order that those services were performed.

**ANSWER:** Please see my Answer to Interrogatory Number 10. To my knowledge, this is my only contact with Mr. Moreau.

14. On the date(s) that you rendered care to the Plaintiff please indicate respectively to what degree you were cognizant of his hydrocephalous condition, including, without limitation and by way of example and not quantification, requests for examination; appointment and message books; the manner and mode and method by which you were cognizant; a time chronicle of the time, times, day or dates you were so cognizant; and a description of any other document you had knowledge of regarding this topic.



EXHIBIT- A