**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**RICHARD MOREAU**
**PLAINTIFF**

**V.** **C.A. NO. 04-459 S**

**STATE OF RHODE ISLAND, ET AL.**
**DEFENDANTS**

**MOTION FOR CERTIFICATION AND SUBSTITUTION**

Now comes Defendant, Ashbel T. Wall, ("Wall"), and, pursuant to R.I. Gen. Laws § 9-31-12(b), hereby moves for certification and substitution of the State of Rhode Island as the party defendant only as to the First Amended Complaint, Count I – Negligence and Professional Malpractice. Please note, Wall does not seek said relief as to Count II – Violation of Open Records Statute and Count III – Eighth Amendment Deprivation. In support, Wall submits the accompanying Memorandum of Law and Exhibits.

WHEREFORE, Defendant, Ashbel T. Wall, respectfully requests that the Motion for Certification and Substitution of the State of Rhode Island as the party Defendant be granted.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of this Motion, by first class mail, postage pre-paid, on this 20th day of March, 2006 to those indicated below:

Melissa L DiFazio

**Joseph-Anthony DiMaio, Esquire**
McKinnon & Harwood
1168 Newport Avenue

**Jay Elias, Esquire**
Ratcliffe, Burke, Harten and Elias
1600 Financial Plaza
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICHARD MOREAU
PLAINTIFF

V. C.A. NO. 04-459 S

STATE OF RHODE ISLAND, ET AL.
DEFENDANTS

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CERTIFICATION AND SUBSTITUTION**

This Memorandum of Law supports Defendant, Ashbel T. Wall's ("Wall"), Motion for Certification and Substitution pursuant to R.I. Gen. Laws § 9-31-12(b). Defendant Wall requests certification and substitution of the State of Rhode Island as the party defendant only as to the First Amended Complaint, Count I – Negligence and Professional Malpractice. Wall does not seek said relief as to Count II – Violation of Open Records Statute and Count III – Eighth Amendment Deprivation.

For the reasons set forth herein and in the accompanying Exhibits, Defendant Wall respectfully requests this Motion for Certification and Substitution of the State of Rhode Island as the party defendant be granted.

R.I. Gen. Laws § 9-31-12(b) reads as follows:

> Upon certification by the court in which the tort action against a state employee is pending that (1) the defendant employee was acting within the scope of his or her office or employment when the claim arose, and (2) the claim does not arise out of actual fraud, willful misconduct, or actual malice by the employee, any civil action or proceeding commenced upon the claim under this statute shall be deemed to be a action or proceeding brought against the state under the provision of this title and all references thereto, and the state shall be substituted as the party defendant.

Section 9-31-12 is part of the so-called State Tort Claims Act and applies to tort actions against State employees. The R.I. Supreme Court considered the statute in Mottola v. Cirello,

789 A.2d 421 (R.I. 2002), a personal injury action against the State and a State employee. The Court affirmed the dismissal of a State employee, ruling:

> **The language of this statute is clear and unambiguous, and, upon certification of the predicate facts that employee-tortfeasor was acting within the scope of his or her employment and that the claim is not fraudulent, malicious or the result of willful misconduct, the suit "shall be deemed to be an action o r proceeding brought against the state."** In accordance with our well established principle of statutory construction, the words of the statute shall be given their plain and ordinary meaning. *Accent Store Design, Inc.,* 674 A.2d at 1226. **Therefore, once the state stipulated that Cirello was acting within the scope of his employment and that the suit was not improperly motivated, the court appropriately substituted the state as the party defendant.** Although this section does not mandate that the action be dismissed against Cirello, **a substitution effectively removes the employee from the case.** Thus, we are satisfied that a dismissal of the claim against Cirello was appropriate in these circumstances.

789 A.2d at 423-24 (emphasis added).

Complaint, Count I, alleges that Wall's negligence caused the permanent loss of Richard Moreau's vision. At all relevant times, Ashbel T. Wall was the Director of the R.I. Department of Corrections. Director Wall has testified in this case that "[a]t no time prior to being served with the plaintiff's complaint have I had any knowledge concerning the allegations contained therein." See Exhibit A – Wall's Answer to Interrogatory No. 10. Moreover, the extensive discovery conducted in this case has revealed that Director Wall had no involvement with Moreau.

Accordingly, pursuant to R.I. Gen. Laws § 9-31-12, the Court should "certify" that Wall "was acting within the scope of his [State] employment when the claim arose" and that said "claim does not arise out of actual fraud, willful misconduct, or actual malice."

Therefore, the State should be "substituted as the party defendant" for and in place of Defendant Wall.

For the reasons set forth, Defendant, Ashbel T. Wall, respectfully requests that, pursuant to R.I. Gen. Laws § 9-31-12, the Motion for Certification and Substitution of the State as the party defendant be granted, only as to the First Amended Complaint, Count I – Negligence and Professional Malpractice.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of this Memorandum, by first class mail, postage pre-paid, on this 20th day of March, 2006 to those indicated below:

**Joseph-Anthony DiMaio, Esquire**
McKinnon & Harwood
1168 Newport Avenue

**Jay Elias, Esquire**
Ratcliffe, Burke, Harten and Elias
1600 Financial Plaza
Providence, RI 02903