**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RICHARD MOREAU | ) | |
| | ) | |
| VS. | ) | C.A. No: 04-459S |
| | ) | |
| STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS, ASHBEL T. WALL, DIRECTOR, JAMES WEEDEN, WARDEN, JOSEPH MAROCCO, ASSOCIATE DIRECTOR OF HEALTH CARE, SCOTT ALLEN, MD, DR. SMILEY, BARBARA A. CARROLL, RN, MARYLYN GREJUDUS, RN, JOHN DOE (1), JOHN DOE (2), JOHN DOE (3) | ) | |

**PLAINTIFF'S, OBJECTION TO**
**MOTION FOR CERTIFICATION AND SUBSTITUTION**
**OF DEFENDANT, ASHBEL T. WALL**

**NOW** comes the Plaintiff, Richard Moreau, and objects to the Motion for Certification and Substitution of Defendant, Ashbel T. Wall ("Wall").

In support of said objection, Plaintiff attaches hereto his Memorandum in Support of his Objection.

**WHEREFORE**, Plaintiff requests Defendant's Motion be denied.

Plaintiff,
By Counsel,

Joseph Anthony DiMaio, Esq.
Attorney #3910
Mckinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655

**CERTIFICATION**

I hereby certify that a true copy of the within Objection was faxed and mailed to **Thomas A. Palombo Esq.**, 150 South Main Street, Providence, RI 02903, on the 30th day of March, 2006.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RICHARD MOREAU<br><br>VS.<br><br>STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS, ASHBEL T. WALL, DIRECTOR, JAMES WEEDEN, WARDEN, JOSEPH MAROCCO, ASSOCIATE DIRECTOR OF HEALTH CARE, SCOTT ALLEN, MD, DR. SMILEY, BARBARA A. CARROLL, RN, MARYLYN GREJUDUS, RN, JOHN DOE (1), JOHN DOE (2), JOHN DOE (3) | ) | C.A. No: 04-459S |

**PLAINTIFF'S, OBJECTION TO**
**MOTION FOR CERTIFICATION AND SUBSTITUTION**
**OF DEFENDANT, JAMES WEEDEN**

**NOW** comes the Plaintiff, Richard Moreau, and objects to the Motion for Certification and Substitution of Defendant, James Weeden ("Weeden").

In support of said objection, Plaintiff attaches hereto his Memorandum in Support of his Objection.

**WHEREFORE**, Plaintiff requests Defendant's Motion be denied.

Plaintiff,
By Counsel,

Joseph-Anthony DiMaio, Esq.
Attorney #3910
Mckinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655

**CERTIFICATION**

I hereby certify that a true copy of the within Objection was faxed and mailed to **Thomas A. Palombo Esq.**, 150 South Main Street, Providence, RI 02903, on the 30 day of March, 2006.

______________________

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| RICHARD MOREAU<br><br>VS.<br><br>STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS, ASHBEL T. WALL, DIRECTOR, JAMES WEEDEN, WARDEN, JOSEPH MAROCCO, ASSOCIATE DIRECTOR OF HEALTH CARE, SCOTT ALLEN, MD, DR. SMILEY, BARBARA A. CARROLL, RN, MARYLYN GREJUDUS, RN, JOHN DOE (1), JOHN DOE (2), JOHN DOE (3) | C.A. No: 04-459S |

**PLAINTIFF'S, OBJECTION TO**
**MOTION FOR CERTIFICATION AND SUBSTITUTION**
**OF DEFENDANT, JOSEPH MAROCCO**

**NOW** comes the Plaintiff, Richard Moreau, and objects to the Motion for Certification and Substitution of Defendant, Joseph Marocco ("Marocco").

In support of said objection, Plaintiff attaches hereto his Memorandum in Support of his Objection.

**WHEREFORE**, Plaintiff requests Defendant's Motion be denied.

Plaintiff,
By Counsel,

Joseph-Anthony DiMaio, Esq.
Attorney #3910
Mckinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655

**CERTIFICATION**

I hereby certify that a true copy of the within Objection was faxed and mailed to **Thomas A. Palombo Esq.**, 150 South Main Street, Providence, RI 02903, on the 30th day of March, 2006.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RICHARD MOREAU<br><br>VS.<br><br>STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS, ASHBEL T. WALL, DIRECTOR, JAMES WEEDEN, WARDEN, JOSEPH MAROCCO, ASSOCIATE DIRECTOR OF HEALTH CARE, SCOTT ALLEN, MD, DR. SMILEY, BARBARA A. CARROLL, RN, MARYLYN GREJUDUS, RN, JOHN DOE (1), JOHN DOE (2), JOHN DOE (3) | ) | C.A. No: 04-459S |

**PLAINTIFF'S, OBJECTION TO**
**MOTION FOR CERTIFICATION AND SUBSTITUTION**
**OF DEFENDANT, MARYLYN HALE**

**NOW** comes the Plaintiff, Richard Moreau, and objects to the Motion for Certification and Substitution filed by Defendant, Marylyn (Grejudus) Hale, R.N. ("Hale").

In support of said objection, Plaintiff attaches hereto his Memorandum in Support of his Objection.

**WHEREFORE**, Plaintiff requests Defendant's Motion be denied.

Plaintiff,
By Counsel,

Joseph-Anthony DiMaio, Esq.
Attorney #3910
Mckinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655

**CERTIFICATION**

I hereby certify that a true copy of the within Objection was faxed and mailed to **Thomas A. Palombo Esq.**, 150 South Main Street, Providence, RI 02903, on the 30 day of March, 2006.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| RICHARD MOREAU<br><br>VS.<br><br>STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS, ASHBEL T. WALL, DIRECTOR, JAMES WEEDEN, WARDEN, JOSEPH MAROCCO, ASSOCIATE DIRECTOR OF HEALTH CARE, SCOTT ALLEN, MD, DR. SMILEY, BARBARA A. CARROLL, RN, MARYLYN GREJUDUS, RN, JOHN DOE (1), JOHN DOE (2), JOHN DOE (3) | C.A. No: 04-459S |

**PLAINTIFF'S, OBJECTION TO**
**MOTION FOR CERTIFICATION AND SUBSTITUTION**
**OF DEFENDANT, BARBARA A. CARROLL, R.N.**

**NOW** comes the Plaintiff, Richard Moreau, and objects to the Motion for Certification and Substitution filed by Defendant, Barbara A. Carroll, R.N. ("Carroll").

In support of said objection, Plaintiff attaches hereto his Memorandum in Support of his Objection.

**WHEREFORE**, Plaintiff requests Defendant's Motion be denied.

Plaintiff,
By Counsel,

Joseph-Anthony DiMaio, Esq.
Attorney #3910
Mckinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655

**CERTIFICATION**

I hereby certify that a true copy of the within Objection was faxed and mailed to **Thomas A. Palombo Esq.**, 150 South Main Street, Providence, RI 02903, on the 30 day of March, 2006.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RICHARD MOREAU<br><br>VS.<br><br>STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS, ASHBEL T. WALL, DIRECTOR, JAMES WEEDEN, WARDEN, JOSEPH MAROCCO, ASSOCIATE DIRECTOR OF HEALTH CARE, SCOTT ALLEN, MD, DR. SMILEY, BARBARA A. CARROLL, RN, MARYLYN GREJUDUS, RN, JOHN DOE (1), JOHN DOE (2), JOHN DOE (3) | ) | C.A. No: 04-459S |

**PLAINTIFF'S, MEMORANDUM IN SUPPORT OF HIS OBJECTION TO DEFENDANT'S MOTION FOR CERTIFICATION AND SUBSTITUTION**

**NOW** comes the Plaintiff, Richard Moreau, and in support of his objection as to each separate Defendant, Ashbel T. Wall ("Wall"), James Weeden ("Weeden"), Joseph Marocco ("Marocco"), Barbara Carroll ("Carroll"), and Marylyn Hale ("Hale"), and states as follows:

Rhode Island General Law ("RIGL") §9-31-12, regarding certification and substitution is not appropriate pre-trial, in this case, and is more appropriately ruled upon by the court after a jury is instructed constituent elements of acting within the scope of employment, actual fraud, willful misconduct, or actual malice by the employee, and after a verdict is rendered. Plaintiff raises this issue because factual determinations need to be made to find whether either prong of RIGL §9-31-12 are met.

Since RIGL §9-31-12(a) reserves the right of the State to determine whether or not it will indemnify any employee defended... "**if a judgment[1] is rendered** against any employee." (bolded added) Id.

[1] It is not known whether legislature intended judgment to be defined in the broad sense as the attainment of an ultimate legal conclusion after the exhaustion of

there is no harm to the Defendant in waiting for a full adjudication. The right to indemnify is not tied to the State's decision to defend, however the potential harm to the Plaintiff is great.

RIGL §9-31-12 does not dictate the sequence or timing of such a certification and substitution. see generally Id. In essence, a premature determination risks forcing Plaintiff to reveal trial strategy[2] and may result in imposing a tremendous burden on the Plaintiff, a prisoner, requiring a trial within a trial.

Likewise, neither RIGL §9-31-12 nor the case law give any guidance as to what quantum of proof[3], if any, is required to challenge a pre-trial motion for certification and substitution. Plaintiff submits that it is not for either litigant to submit any proof, but rather for the court to determine whether certification and substitution are appropriate as is the clear and unambiguous language of the statute.

The better approach is to wait for trial on the merits, and then issue rulings after completion of Plaintiff's case-in-chief, and/or issue charges to the jury consistent with the admissible evidence. While the principal of law and reasoning for defendant's motion are sound, the sound execution of RIGL §9-13-12 should be weighed against these valid concerns, not to mention the Plaintiff's right to a jury trial.

Most significantly, if Plaintiff[4] responds in kind to the several Defendants' memorandums, connecting the dots of liability, the

---

all appellate rights versus the definition found in the Federal Rules of Civil Procedure (Fed. Rules Civ. Proc), Rule 54(a) defining "judgment" as "a decree and any order from which an appeal lies" Id. versus some other definition or rule.

2 For that very reason, Plaintiff appends Exhibits A through Exhibit M, inclusive, to this memorandum and incorporates them by reference as if set forth fully herein, and likewise incorporates by reference herein, though does not append, all of Defendants several exhibits referenced in their respective motion(s).

3 Id. FN 2.

4 Plaintiff specifically reserves his right to supplement this memorandum both orally at time of hearing and in writing as the court may permit. The factual arguments contained in this memorandum are not to be construed as an admission

Plaintiff is drawn to disclose trial strategy without any clear procedural rule to act as a vehicle to bring the certification question to the court's attention. This observation is particularly salient since the clear and unambiguous language of RIGL §9-31-12(b) leaves it within the purview of the court to determine by stating "[u]pon **certification by the court** in which the tort action against a state employee **is pending**..." (bolded added) Id. Thus, in state court, the Attorney General has no standing to put this issue before the court.

By contrasted to its federal counterpart, under federal Tort Claims Procedure 28 USCS § 2679, it is "[u]pon certification by the **Attorney General** that the defendant employee was acting within the scope of his office or employment..." (bolded added). 28 USCS § 2679 that the sovereign is substituted in the action. Thus,

The Defendants memorandum cites Mottola v. Cirello, 789 A.2d 421 (R.I. 2002), which raises issues pertaining not only to negligence, but also the *sua sponte* orders of the Court with respect to application of the statutory cap and availability of prejudgment interest. see generally Id. Thus, Defendant's motion appears to be an innocent statement of law, i.e., that a negligence claim against a state employee while on the job is one against the State of Rhode Island pursuant to RIGL §9-31-12. However, it is actually a wolf in sheep's clothing that may devour the unsuspecting Count II and Count III which were excluded form Defendant's motion by design. If this court grants Defendant's motion, then the doctrine of law-of-the-case may be invoked.

Mottola appears to arise out of a mere motor vehicle negligence case involving only one count. There is no reference to any cause of action which is not mere negligence. see generally Id. Characterized in this fashion, RIGL 9-31-12 appears to be more applicable to the mere

---

regarding the propriety of the procedure utilized by the Defendant(s), to which Plaintiff specifically objects. It is therefore in that nature that Plaintiff responsively provides exhibits so as not to prejudice any ruling against the Plaintiff, notwithstanding Plaintiff's protestations.

negligence case. The case at bar is substantially more than mere negligence.

The very nature of a claim under 42 USC §1983 is one of deliberate indifference. A pre-trial ruling on the issues of fraud, misconduct, and malice will have a chilling effect on the Plaintiff's claim of intentional destruction of records (Count II of Plaintiff's First Amended Complaint) and claims of egregious and/or reckless and/or intentional conduct, and constitutional deliberate indifference, which Defendant specifically exempted from the motion for certification and substitution.

Plaintiff's First Amended Complaint[5] invokes more than mere negligence. Paragraphs twenty-three (23) and thirty-two (32) of Count I, alleges that written requests for medical attention were intentionally destroyed." (see Exhibit A). The factual allegations of count I are incorporated into Count II alleging violation of a statutory duty to preserve and protect public records, to wit the written medical requests which were destroyed. Intentional and reckless conduct are alleged in paragraph forty-eight (48) of Count III and egregious conduct in paragraph forty-nine (49) (see Exhibit A).

Moreover, paragraph fifty (50) alleges:

> "50. As a direct and proximate result of the Defendant(s) intentional, or reckless, or egregious conduct, the Plaintiff did suffer great personal injury, mental and emotion suffering as hereinbefore alleged." Id.

and paragraph fifty-five (55) of Plaintiff's First Amended Complaint alleges:

> 55. Your Plaintiff further avers that he has been otherwise deprived of his rights as guaranteed him

---

[5] Counsel is in the process of reviewing discovery to ensure compliance, and is presently considering, and reserves the right to file, a second amended complaint to conform better to the evidence which was discovered. Without limitation, this may include without limitation, substituting William Cudworth as warden for the Intake Service Center, and substituting or omitting certain "John Doe" defendants who had personal involvement regarding the Plaintiff's care, however whose identity will remain unknown based upon the testimony of the Defendants.

> under the United States Constitution's Fifth Amendment right to be free from deprivation of life, liberty, or property, without due process of law; The Eighth Amendment right to be free from cruel and unusual punishment; The Fourteenth Amendment right which makes the Fifth Amendment and Eighth Amendment rights applicable against the State of Rhode Island and each specified person; And the rights provided in Article I Section 2 of the Rhode Island State Constitution against deprivation of life, liberty or property without due process of law, against denial of equal protection of the laws, and under Article I Section 8 of our State constitution against cruel punishments. Id.

Thus, while Count III includes an eight amendment claim, as referenced in defendant's memorandum, based upon liberal notice pleadings and the language of paragraph fifty (50) it is not limited to the eighth amendment.

If Plaintiff's allegations in Count II and Count III are successful at trial, they may well be supported findings of willful misconduct and/or actual malice or even fraud. In that instance, Count II and Count III of Plaintiff's First Amended Complaint clearly would involve more that mere negligence. Thus a pre-trial ruling which finds the second prong of RIGL §9-31-12(b) satisfied, essentially becomes a ruling which would invoke the doctrine of "law of the case". The timing of that very ruling would necessarily prejudice the trial as to Count II and Count III, and will invite error and potentially inconsistent judgments as between Count I and Counts II and III.

When reviewed against the undisputed fact that Plaintiff had Hydrocephalus, a serious chronic medical condition effecting his head; that Plaintiff had "20/40" vision on September 17, 2001; That defendant complained in his September 17, 2001 letter that he "placed a slip into see the eye doctor and was told he comes in every few weeks..." That Defendant acknowledges not retaining medical request slips, the only document retained was the September 17, 2001 letter to Joseph Morocco. complaining that he needed an eye doctor. In that September 17, 2001 letter, provided by Defendant as Exhibit E, Plaintiff claims he was getting yelled at by his boss for missing cigarette butts on the cement

along with the green weeds which he couldn't see too (Defendant Morocco's Exhibit B). Plaintiff wrote "I need to see him desperately..."

Coincidentally, on September 26, 2001, the same day Defendant Marocco read the letter, Marocco spoke with an unidentified nurse regarding Plaintiff's eye care (Defendant Morocco's Exhibit D). Also coincidentally, Plaintiff was examined by Nurse Practitioner, Defendant Barbara Carroll, on that same day (Defendant Morocco's Exhibit B) despite his desperate plea to see an eye doctor. By a fair reading of the September 17, 2001 letter (Defendant's Exhibit B) this September 26, 2001 examination was after his initial written medical request slips received no urgent attention.

Defendant Marocco testified that he recalled checking to ensure Plaintiff's eye doctor appointment was made in a timely fashion. (Defendant's Exhibit E). Plaintiff was seen over thirty-three (33) days after his September 26, 2001 examination. He was legally blind on that day because of the delay.

Defendant Barbara Carroll was not an eye doctor. Notwithstanding that complaint, the nurse practitioner, Defendant Barbara Carroll, stated under oath that a person with hydrocephalus had problems with visual acuity that person would see Dr. Smiley within about five days. (Exhibit B). Mr. Moreau was not seen within five (5) days. Plaintiff was seen on October 29, 2001, more than thirty-three (33) days later.

To make matters worse, the record provided by Defendant, Defendant's Exhibit E establishes the eye doctor, Dr. Smiley, was present on a weekly basis; and an inmate did not have to wait for the eye doctor to come to the facility since there was a mechanism that resulted in Plaintiff's successful transfer from one facility to the facility where the eye doctor was present -with only four (4) day's notice (see Defendant Morocco's Exhibit A, page 5).

It matters not that no Defendant can identify the nurse that originally scheduled the appointment for October 29, 2001, if such a nurse exists, and matters not that no Defendant can identify the person

nurse responsible for acting on the instruction to schedule an eye doctor appointment. It is clear that since Mr. Marocco takes credit for arranging the October 29, 2001, and timely response was his specific job function, that the person unknown and still unidentified person whose job it was to make the appointment did not perform a basic ministerial function which required no discretion once the Nurse Carroll made the follow-up note "see D.O.".

In some instances, based on the magnitude of personal suffering at risk, the failure to do a simple, seemingly, ministerial or perfunctory act will be considered more than mere negligence. This was the case in Lee v. R.I. Council 94, A.F.S.C.M.E., Local 186, 796 A.2d 1080 (R.I. 2002). The Lee fact pattern is analogous to the Plaintiff's allegations in the case at bar.

In Lee, the court found:

> Throughout this litigation the union has maintained that it was guilty only of negligence and therefore cannot be found to have violated the duty of fair representation. However, the testimony of the business agent that he handed the request to a secretary and never thought of it again is evidence that Lee's arbitration was handled in a perfunctory manner. Further, the penalty imposed upon Lee by the employer was termination of her employment with the town, including loss of all seniority, salary and benefits. Given these high stakes, Lee's interest in pursuing her right to arbitration was compelling. We are not convinced that under the circumstances presented in this case, the failure to perform the ministerial act of a timely demand for arbitration amounts to mere negligence. When the neglect of the union completely extinguishes the employee's right to a determination of the merits of her termination, we conclude that the failure by the union to take such a basic step as a timely filing to contest the most significant sanction available to an employer is an example of arbitrary and perfunctory conduct that amounts to unfair representation. Id. at 1084.

Thus by analogy, given the neglect to get Plaintiff to an eye doctor on a timely basis, completely extinguishes the Plaintiff's eye sight, the failure to take such a basic step as timely examination to prevent the permanent loss of arguably the most valuable sense of all senses, it must amount to more than mere negligence which would prevent certification and substitution in this instance.

Similarly, while at first blush it may appear that some of the individually named defendants could perhaps be substituted, it is undisputed that the medical request slips (Exhibit G) in question did exist, that they were not manufactured by the Plaintiff, they were widely used, and that there was at least one or more receptacles, a locked box, which was physically installed in an inmate common area specifically for these medical request slips, but there was no official policy on record, or at least none provided to Plaintiff to date, which establishes any official policy with respect to the access, control, or other use or triage of the medical request slip. A lay person can easily understand the magnitude and seriousness of such an uncontrolled system. Slips were systematically discarded or destroyed with no official policy regarding their retention.

Accordingly, since RIGL §9-31-2(a) still affords the Defendant indemnification even after trial, since pre-trial certification and substitution is not required, and since the pleadings for the case at bar allege more than mere negligence, in light of the potential for inconsistent rulings or judgments and invitation for error, denial of the Defendant's motion, does not harm any defendant at all.

**WHEREFORE**, Plaintiff requests Defendant's Motion should be denied.

Plaintiff,
By Counsel,

Joseph-Anthony DiMaio, Esq.
Attorney #3910
Mckinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655

**CERTIFICATION**

I hereby certify that a true copy of the within Objection was faxed and mailed to **Thomas A. Palombo Esq.**, 150 South Main Street, Providence, RI 02903 on the 30 day of March, 2006.