UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICHARD MOREAU | : | |
| | : | |
| v. | : | C.A. No. 04-459S |
| | : | |
| STATE OF RHODE ISLAND, | : | |
| et al. | : | |

**MEMORANDUM AND ORDER**

Before the Court for determination are Defendant State of Rhode Island's (the "State") Motions for Certification and Substitution as to Defendants Wall (Document No. 72), Weeden (Document No. 71), Carroll (Document No. 70), Hale (Document No. 69) and Marocco (Document No. 68). 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). A hearing was held on May 3, 2006. For the reasons discussed below, the State's Motions are GRANTED.

**Background**

Plaintiff Richard Moreau is a state inmate held at the Adult Correctional Institution ("ACI"). Plaintiff's incarceration began in January 2000. Plaintiff plead nolo to several counts of child molestation in November 2000 and was sentenced to a substantial term of incarceration. Plaintiff alleges in Count I that he became permanently blind during his period of incarceration at the ACI, and that such blindness was the direct and proximate result of Defendants' negligence. Pl.'s First Amended Complaint ("FAC"), ¶¶ 36 and 39.

The FAC contains three counts: (I) negligence and professional malpractice; (II) violation of Open Records statute; and (III) violation of Rights Guaranteed by the Rhode Island and United States Constitutions. The individual defendants are all sued in both their personal and official

capacities. As to official capacity, Defendant Wall is sued as Director of the Department of Corrections; Defendant Weeden as Warden, ACI High Security Center; Defendant Marocco as ACI Associate Director of Health Care Services; and Defendants Carroll and Hale as ACI registered nurses.

In the instant Motions, the State moves, pursuant to R.I. Gen. Laws § 9-31-12(b), to substitute itself as the party defendant for the individual Defendants solely as to Plaintiff's negligence claim (Count I). Plaintiff objects contending that such substitution is premature as to Count I and, as "law of the case," may "prejudice" the trial as to Counts II and III which allege intentional conduct beyond "mere negligence." Pl.'s Mem. in Opp. at p. 5.

**Discussion**

R.I. Gen. Laws § 9-31-12(b) provides that an action brought under Rhode Island's Tort Claims Act shall be "deemed" to be brought against the state "[u]pon certification by the Court in which the tort action against a state employee is pending that:

> (1) the defendant employee was acting within the scope of his or her office or employment when the claim arose, and (2) the claim does not arise out of actual fraud, willful misconduct, or actual malice by the employee.

In addition, upon such certification, the State "shall be substituted as the party defendant." R.I. Gen. Laws § 9-31-12(b); see also Mottola v. Cirello, 789 A.2d 421, 424 (R.I. 2002) ("a substitution [under § 9-31-12(b)] effectively removes the employee from the case").

Discovery has concluded in this matter. In support of its Motions, the State has submitted excerpts from discovery, including interrogatory responses and deposition testimony, as to each remaining individual Defendant. The State asserts that this information provides a sufficient

evidentiary basis for "certification and substitution." Plaintiff counters that the "better approach" is to postpone the certification until after trial. Further, Plaintiff also submits discovery materials which he contends show that his claims go beyond "mere negligence." He argues that if his "allegations in Count II and Count III are successful at trial, they may well be supported [by] findings of willful misconduct and/or actual malice or even fraud." Pl.'s Mem. in Opp. at p. 5.

Plaintiff's arguments miss the mark. First, this Court need look no further than the allegations in Count I of the FAC in order to find a sufficient basis for certification and substitution. Count I is titled "Negligence and Professional Malpractice" and contains no allegations of "actual fraud, willful misconduct, or actual malice." Count I simply alleges that "Plaintiff's blindness is a direct and proximate result of the Defendant(s) [sic] negligence as specified above." FAC, ¶ 39. Although Count I contains factual allegations that Plaintiff's written requests for medical attention were "intentionally destroyed," FAC, ¶¶ 23 and 32, these allegations are incorporated by reference into and directly relate to Count II. Count II alleges a violation of Rhode Island's Open Records Statute based on Plaintiff's claim that "Defendant(s)' normal and standard policy regarding written requests submitted for medical attention is to destroy them shortly after they are received." FAC, ¶ 45.

Second, as to the scope of employment element, the allegations in the FAC also provide a sufficient basis for certification and substitution. Plaintiff alleges that he was an ACI inmate "at all times material to" his Complaint and in the "care, custody and control" of Defendants. FAC, ¶¶ 1 and 17. As to duties, Plaintiff alleges Defendant Wall had an "overall duty to manage and control" the ACI, Defendant Weeden was "directly in charge of the day to day management" of his ACI unit, Defendant Marocco was "directly in charge of the day to day management of [ACI] health care

services," and Defendants Carroll and Hale (RNs) "provided medical services" to him at the ACI. FAC, ¶¶ 2, 3, 4, 8 and 9. Although Plaintiff has sued all of these Defendants in their "individual and official" capacities, there are no allegations of any actions taken by them outside the scope of their employment at least as to Count I which is the only Count targeted by the State's Motions. Plaintiff alleges in Count I that he was an ACI inmate and that Defendants were negligent by failing to provide him with "reasonably prudent ordinary care." FAC, ¶¶ 37-39.

Plaintiff concedes in his opposition that R.I. Gen. Laws § 9-31-12(b) "does not dictate the sequence or timing of such a certification and substitution." Pl.'s Mem. in Opp. at p. 2. By its terms, the statute only requires a tort action pending against a state employee which is the case as to Count I. Further, there is state court precedent for pretrial certification and substitution by the Court. In Mottola v. Cirello, 789 A.2d 421 (R.I. 2002), plaintiff brought a negligence action against a state employee arising out of a motor vehicle accident. Prior to trial, the trial justice granted the State's motion to substitute under R.I. Gen. Laws § 9-31-12(b). Although the Supreme Court reversed certain pretrial orders made by the trial justice, it affirmed the dismissal of the state employee as a defendant and substitution of the State as a party defendant. Id. at 426; see also State v. Medical Malpractice Joint Underwriting Ass'n, No. 03-0743, 2005 WL 1377493 (R.I. Super. June 7, 2005) (noting that, in an underlying and pending medical malpractice suit, the trial justice granted certification and substitution of the State for a physician defendant employed by the State).

Finally, there is no valid basis for Plaintiff's assertion that certification and substitution is "actually a wolf in sheep's clothing that may devour the unsuspecting Count II and Count III." Pl.'s Mem. in Opp. at p. 3. The State's Motions are solely directed at Count I, and Defendants' attorney so stipulated at the hearing. R.I. Gen. Laws § 9-31-12(b) only applies to a "tort action against a state

employee." Only Count I is a tort action. Count II is a statutory claim, and Count III is a constitutional claim. This decision is not a factual finding made after a full evidentiary hearing. It is simply a statutory certification and substitution based largely on the negligence allegations in Count I of the FAC. See Saunders v. State of R.I., 446 A.2d 748, 752 (R.I. 1982) (recognizing that the State could be liable under the doctrine of respondeat superior for the negligence of its employees). The certification made in this decision is solely applicable to Plaintiff's Count I negligence tort action and does not apply in any way to Count II or Count III which include allegations of intentional behavior and malice due to Plaintiff's status as a convicted child molester. See, e.g., FAC, ¶¶ 45, 48-51. Plaintiff's "wolf in sheep's clothing" concern as to Counts II and III is misplaced.

**Conclusion**

For the foregoing reasons, the State's Motions for Certification and Substitution (Document Nos. 68, 69, 70, 71 and 72) are all GRANTED.

LINCOLN D. ALMOND
United States Magistrate Judge
May 5, 2006