**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**RICHARD MOREAU**
**PLAINTIFF**

**V.** **C.A. NO. 04-459 S**

**STATE OF RHODE ISLAND,**
**DEPARTMENT OF CORRECTIONS,**
**ASHBEL T. WALL, DIRECTOR,**
**JAMES WEEDEN, WARDEN,**
**JOSEPH MAROCCO, ASSOCIATE DIRECTOR**
**OF HEALTH CARE, SCOTT ALLEN, MD,**
**DR. SMILEY, R. FIGUEROA,**
**BARBARA A. CARROLL, RN,**
**MARYLYN GREJDUS, RN,**
**JOHN DOE (1), JOHN DOE (2), JOHN DOE (3)**
**DEFENDANTS**

**MOTION FOR JUDGMENT ON THE PLEADINGS**

Now come the Defendants, R.I. Department of Corrections, A.T.Wall, James Weeden, Joseph Marocco, Barbara Carroll and Marilyn Hale (formerly, Grejudus), ("State" or "Defendants") and, pursuant to Rule 12 (c) of the Federal Court Rules of Civil Procedure, hereby moves the Honorable Court for a grant of judgment on the pleadings as to Plaintiff, Richard Moreau's, Amended Complaint, Count II – Violation of Open Records Statute. In support hereof, Defendants submit the accompanying Memorandum of Law.

WHEREFORE, Defendant respectfully requests that this Motion for Judgment on the Pleadings be granted.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2996

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of this Motion for Judgment on the Pleadings, by first class mail, postage pre-paid, on this 16th day of June, 2006 to those indicated below:

**Joseph-Anthony DiMaio, Esquire**
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**RICHARD MOREAU**
**PLAINTIFF**

**V.** **C.A. NO. 04-459 S**

**STATE OF RHODE ISLAND,**
**DEPARTMENT OF CORRECTIONS,**
**ASHBEL T. WALL, DIRECTOR,**
**JAMES WEEDEN, WARDEN,**
**JOSEPH MAROCCO, ASSOCIATE DIRECTOR**
**OF HEALTH CARE, SCOTT ALLEN, MD,**
**DR. SMILEY, R. FIGUEROA,**
**BARBARA A. CARROLL, RN,**
**MARYLYN GREJDUS, RN,**
**JOHN DOE (1), JOHN DOE (2), JOHN DOE (3)**
**DEFENDANTS**

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

## INTRODUCTION

Defendants, R.I. Department of Corrections, A.T.Wall, James Weeden, Joseph Marocco, Barbara Carroll and Marilyn Hale (formerly, Grejudus), ("State" or "Defendants"), respectfully submit this Memorandum of Law in support of the Motion for Judgment on the Pleadings filed pursuant to Rule 12 (c) of the Federal Court Rules of Civil Procedure. Defendants move the Honorable Court for a grant of judgment on the pleadings as to Plaintiff, Richard Moreau's, Amended Complaint ("Cpt."), Count II – Violation of Open Records Statute.

## COUNT II - VIOLATION OF OPEN RECORDS STATUTE

Plaintiff Moreau's Amended Complaint, Count II, alleges the violation of Rhode Island's "open record statute." Moreau avers that DOC's "policy regarding written requests submitted for medical attention is to destroy them shortly after they are received." Cpt., ¶ 45 (emphasized). He further alleges that DOC has failed to establish certain retention policy and procedures for those written requests." Cpt., ¶ 44.

Defendants' Answer to the allegation in Paragraph 45 of the Complaint states: "Denied as to policy; however, it is admitted only that written medical requests are destroyed after a medical request is handled by the medical staff." See Answer, ¶ 45 (emphasis added).

## R.I. GEN. LAWS, TITLE 38, OPEN RECORDS

The Amended Complaint cites Title 38 of the General Laws; however, no particular statute is cited. Title 38 has three (3) chapters - Chapter 1 – Custody and Protection; Chapter 2 – Access to Public Records and Chapter 3 – Public Records Administration. Every Chapter has the same definition of public record: "all documents...made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." Chapter 2 contains a number of exemptions, including "records which are identifiable to an individual...patient ... including but not limited to...medical treatment" and "records...required to be kept confidential by federal or state law...[i.e., medical records]." R.I. Gen. Laws §38-2-2(4)(i)(A)(I) and (S). Chapter 2 is the only chapter that provides for a legal cause of action. See R.I. Gen. Laws §38-2-9. Defendants respectfully submit that Plaintiff Moreau's alleged medical request slips are not public records under Title 38 – Public Records and, further, that none of these statutes provide the asserted cause of action.

## ARGUMENT

Plaintiff Moreau's Count II fails for an elementary reason - his medical request slips are not "public" records. See R.I. Gen. Laws §38-2-2(4)(i)(A)(I) and (S). As a matter of State law, they are not public records, because they are patient medical records. §38-2-2(4)(i)(A)(I) In addition, they are required to be kept confidential by federal and state law. §38-2-2(4)(i)(S). Moreover, the slips are internal DOC documents used by medical staff. They are not public

records for which there must be public records retention. Research reveals no case law treating inmate medical requests as public records or ruling that public records retention applies to same. Defendants admit, as stated in the Answer, ¶ 45, that the requests are destroyed after the medical staff handles them. Respectfully, there is no statutory requirement that these slips be retained by the Department of Corrections.

In addition, there is no cause of action created under Chapters 1 and 3 of Title 38 – Public Records. While there is a cause recognized under Chapter 2 – Access to Public Records (see R.I. Gen. Laws § 38-2-9), that statute, concerning public access, does not apply here. In addition, Plaintiff's Count II seeks "compensatory and statutory damages" for the alleged violation. Respectfully, there are no applicable statutory damages. (See contra, § 39-2-9, which provides fa "civil fine" of up to $1000 for willful violation of "access to public records" under Chapter 2.) Further, Plaintiff Moreau has no compensatory damages from the alleged failure to retain medical request slips. Instead, his other claims, negligence and constitutional deprivation, are the appropriate damage vehicles.

Lastly, DOC disposes of all inmate medical request slips after they are triaged and dealt with by medical staff. See Answer, ¶ 45. Plaintiff Moreau does not allege that his slips were treated any differently than those of all other inmates. Respectfully, the Court should not delve into internal prison administration, in the absence of a statute, and rule that inmate medical request slips are public records for which there must be public records retention. Especially where the matter does not further the obvious purpose of Title 38 – Public Records, which is to insure the transparency of government business.

## CONCLUSION

For the reasons set forth, Defendants, R.I. Department of Corrections, A.T. Wall, James Weeden, Joseph Marocco, Barbara Carroll and Marilyn Hale, request that the Motion for Judgment on the Pleadings be granted as to Plaintiff's First Amended Complaint, Count II – Violation of Open Records Statute.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2996

## CERTIFICATION

I, the undersigned, hereby certify that I mailed a true copy of this Memorandum, by first class mail, postage pre-paid, on this 16th day of June, 2006 to those indicated below:

**Joseph-Anthony DiMaio, Esquire**
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861