**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**RICHARD MOREAU**
**PLAINTIFF**

**V.** **C.A. NO. 04-459 S**

**STATE OF RHODE ISLAND,**
**DEPARTMENT OF CORRECTIONS,**
**ASHBEL T. WALL, DIRECTOR,**
**JAMES WEEDEN, WARDEN,**
**JOSEPH MAROCCO, ASSOCIATE DIRECTOR**
**OF HEALTH CARE, SCOTT ALLEN, MD,**
**DR. SMILEY, R. FIGUEROA,**
**BARBARA A. CARROLL, RN,**
**MARYLYN GREJDUS, RN,**
**JOHN DOE (1), JOHN DOE (2), JOHN DOE (3)**
**DEFENDANTS**

**MOTION FOR SUMMARY JUDGMENT**

Now come Defendants, A.T.Wall and James Weeden ("State" or "Defendants"), and pursuant to Rule 56 of the Federal Court Rules of Civil Procedure, hereby moves the Honorable Court for a grant of summary judgment. In support hereof, Defendants submit a Local Rule 56 Statement of Undisputed Facts, Exhibits A-C and a supporting Memorandum of Law.

WHEREFORE, Defendants Wall and Weeden respectfully requests that the Motion for Summary Judgment be granted.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of this Motion, by first class mail, postage pre-paid, on this 16th day of June, 2006 to those indicated below:

**Joseph-Anthony DiMaio, Esquire**
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICHARD MOREAU
PLAINTIFF

V. C.A. NO. 04-459 S

STATE OF RHODE ISLAND,
DEPARTMENT OF CORRECTIONS,
ASHBEL T. WALL, DIRECTOR,
JAMES WEEDEN, WARDEN,
JOSEPH MAROCCO, ASSOCIATE DIRECTOR
OF HEALTH CARE, SCOTT ALLEN, MD,
DR. SMILEY, R. FIGUEROA,
BARBARA A. CARROLL, RN,
MARYLYN GREJDUS, RN,
JOHN DOE (1), JOHN DOE (2), JOHN DOE (3)
DEFENDANTS

## MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT

This Memorandum of Law supports the Motion for Summary Judgment filed by Defendants, A.T.Wall and James Weeden ("State" or "Defendants"), pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants request summary judgment on the First Amended Complaint ("Complaint") filed by Plaintiff, Richard Moreau ("Plaintiff" or "Moreau'). In support, Defendants submit the requisite Local Rule 56 Statement of Undisputed Facts ("SUF"). For the reasons set forth herein, Defendants Wall and Weeden respectfully ask that the Motion for Summary Judgment be granted.

## FACTUAL BACKGROUND

Plaintiff's Complaint alleges: Count I - negligence and professional malpractice; Count II - violation of open records statute and Count II - and constitutional deprivations (Count III).[1] The instant Motion and Memorandum shall focus on Count III – the constitutional claims.

[1] As to Count I, the Court has previously granted Defendants' Motion for Certification and Substitution of the State pursuant to R.I. Gen. Laws § 9-31-12. As to Count II, Defendants have herewith filed a Motion for Judgment on the Pleadings under Fed. R. Civ. P. Rule 12(c).

Plaintiff's Complaint alleged that, while incarcerated within the R.I. Department of Corrections ("DOC"), Moreau lost his vision and became legally blind. SUF, ¶ 1 and 6. Defendants Wall and Weeden are sued in their official and individual capacities. SUF, ¶ 2 and 3. The Complaint, Count III, avers that Wall and Weeden violated Moreau's right, under the U.S. and R.I. Constitutions, to due process and to be free from cruel and unusual punishment. SUF, ¶ 7. Plaintiff alleges that Wall and Weeden acted intentionally, recklessly and egregiously. SUF, ¶ 8. However, no specific allegations are made against them. SUF, Exhibit A- Complaint.

Defendant Wall testified in his Answers to Interrogatories as follows:

> **Interrogatory No. 10:** With respect to each count filed against you in this action by the Plaintiff, set forth in detail all facts which you rely upon in support of your denial that your actions or inactions did not cause or contribute to the injuries or damages alleged by the Plaintiff.
>
> **ANSWER: At no time prior to being served with the plaintiff's complaint have I had any knowledge concerning the allegations contained therein. Please see the Answers of the other State Defendants.**

SUF - Exhibit B – Wall's Answer to Interrogatory No. 10. (Emphasis added.)

Defendant Weeden testified in his Answers to Interrogatories as follows:

> **Interrogatory No. 5:** Please identify each and every person by name and address and phone number known or believed to be a witness to the matter set forth in Plaintiff's Complaint; Further, please state the name and address of all persons believed or known by you to have any knowledge concerning any facts pertaining to the claims set forth in this action by the Plaintiff or the defense set forth by you to this action; for each person you anticipate and/or intend on calling as a witness in the defense of this matter, as to each person set forth with specificity the anticipated subject matter of his/her testimony and the facts upon which the anticipated subject matter is based.
>
> **ANSWER:** Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said Objections, **I have no knowledge regarding the allegations contained in the plaintiff's complaint, because I was not the Warden of the Intake Services Center, the High Security Center or Medium 1 Security Facility at any time relevant to Plaintiff's Complaint.**

SUF - Exhibit C – Weeden's Answer to Interrogatory No. 5. (Emphasis added.)

**ARGUMENT**

Respectfully, Defendants Wall and Weeden should not be named parties in this case. Wall, as Director, had no contact whatsoever with Plaintiff and did not know of his alleged medical problem until he was served with the Complaint. SUF - ¶ 9 and Exhibit B. Warden Weeden was not the warden of the Intake, High or Medium facilities an any time pertinent to the Complaint. SUF - ¶ 10 and Exhibit C. There is no genuine issue of material fact as to these statements. Accordingly, summary judgment should be granted as to the entirety of Plaintiff Moreau's claims against Defendants Wall and Weeden.

Properly focusing on the Eighth Amendment,[2] the United States Supreme Court has held that an inmate must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" to state a cognizable claim. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976) (Emphasis added.) Nothing is this civil action evidences "deliberate indifference" (or, indeed, any involvement) by Defendants Wall and Weeden. Accordingly, summary judgment should be granted on Plaintiff Moreau's constitutional claims against Wall and Weeden.

Defendants Wall and Weeden also urge that they have qualified immunity from suit. Qualified immunity precludes money damages against state officials "insofar as their conduct

---

[2] In Whitley v. Albers, 475 U.S. 312, 326, 106 S.Ct 1078, 1088 (1986), a prisoner raised claims under both the Eighth Amendment and the Fourteenth Amendment's Due Process Clause. The Court reasoned that "the Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners in cases such as this one." 475 U.S. at 327, 106 S.Ct. at 1088. Accordingly, the Court held "that in these circumstances, the Due Process Clause affords respondent no greater protection than does the Cruel and Unusual Punishment Clause." Id. Therefore, Defendants focus here on Plaintiff Moreau's Eighth Amendment claim.

Defendants submit that a similar analysis applies to Plaintiff's Article 1, Section 8 (cruel punishments) and Article 1, Section 2 (due process) claims under the R.I. Constitution.

does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). Qualified immunity is "an immunity from suit rather than a mere defense to liability [which] . . . is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815 (1985). The qualified immunity defense exists not only to shield officials from liability for damages, but also to protect from "the general costs of subjecting officials to the risks of trial – of discretionary action, and deterrence of able people from public service." Harlow, 457 U.S. at 816. Defendants Wall and Weeden have qualified immunity. They had no interaction or involvement with Plaintiff Moreau. Thus, they did not (and could not have) violated any clearly established right of which a reasonable director or warden would have known.

## CONCLUSION

For the reasons set forth herein, as supported by the Statement of Undisputed Facts and Exhibits A-C, Defendants, A.T. Wall and James Weeden, respectfully request that their Motion for Summary Judgment be granted.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of this Memorandum of Law in Support of Motion for Summary Judgment, by first class mail, postage pre-paid, on this 10th day of June, 2006 to those indicated below:

Melina DiMaio

**Joseph-Anthony DiMaio, Esquire**
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861