STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RICHARD MOREAU

vs.

STATE OF RHODE ISLANDS and;

DEPARTMENT OF CORRECTIONS and;

ASHBEL T. WALL, Director
of the Department of Corrections;
Alias John Doe, Individually and
in his official capacity

JAMES WEEDEN, Warden,
Adult Correctional Institution;
Alias John Doe, Individually and
in his official capacity

JOSEPH MAROCCO,
Associate Director of
Health Care Services
Alias John Doe, Individually and
in his official capacity

SCOTT ALEN, M.D.,
Medical Program Director
Alias John Doe, Individually and
in his official capacity

Dr. Smiley,
Alias John Doe, Individually and
in his official capacity

Barbara A. Carroll, RN
Physician Extender
Alias Jane Doe, Individually and
in her official capacity

Marylyn Grejdus, RN
Correctional Officer
Alias Jane Doe, Individually and
in her official capacity

JOHN DOE ONE (1), Unknown Doctor(s)
Alias John Doe, individually and
in his/her official capacity,

C.A. No.:04-4769

A True Copy Attest

JOHN DOE TWO (2), Unknown Guard(s) )
Alias John Doe, individually and )
in his/her official capacity, and )
)
JOHN DOE THREE (3), Unknown Staff )
Alias John Doe, individually and )
in his/her official capacity, )

## FIRST AMENDED COMPLAINT

1. Plaintiff, RICHARD MOREAU, at all times material to this Complaint, was an inmate at the Adult Correctional Institution, City of Cranston, State of Rhode Island, and was otherwise in the custody and control of your Defendant, individually and collectively.

2. Your Defendant, ASHBEL T. WALL, sued herein in his individual and official capacity, at all times material to this Complaint is and was the Director of the Department of Corrections, State of Rhode Island, and had the overall duty to manage and control the Department of Corrections and the Adult Correctional Institution.

3. Defendant, JAMES WEEDEN, sued herein in his individual and official capacity, at all times material to this Complaint was the Warden of the Adult Correctional Institution, High Security Center, City of Cranston, State of Rhode Island, and was directly in charge of the day to day management of that correctional institution which housed your Plaintiff.

4. Defendant, JOSEPH MAROCCO, sued herein in his individual and official capacity, at all times material to this Complaint was the Associate Director of Health Care Services for the Adult Correctional Institution, High Security Center, City of Cranston, State of Rhode Island, and was directly in charge of the day to day management of the health care services at the correctional institution which housed your Plaintiff.

5. Defendant, SCOTT ALEN, M.D., sued herein in his individual and official capacity, at all times material to this Complaint was the Medical Program Director for the Adult Correctional Institution, High Security Center, City of Cranston, State of Rhode Island, and was directly in charge of the day to day management of the medical care services at the correctional institution which housed your Plaintiff.

6. Defendant, SCOTT ALEN, M.D., at all times material to this Complaint was also an attending medical provider whom provided medical services to the Plaintiff and was professionally engaged by either the Defendants or the Plaintiff or both.



Superior Court
... & Bristol

7. Defendant, DR. SMILEY, M.D., sued herein in his individual and official capacity, at all times material to this Complaint was an attending medical provider whom provided medical services to the Plaintiff and was professionally engaged by either the Defendants or the Plaintiff or both.

8. Defendant, BARBARA A. CARROLL, RN, , sued herein in her individual and official capacity, at all times material to this Complaint, was an attending medical provider whom provided medical services to the Plaintiff and was professionally engaged by either the Defendants or the Plaintiff or both.

9. Defendant, MARYLYN GREJDUS, RN, sued herein in her individual and official capacity, at all times material to this Complaint was an attending medical provider whom provided medical services to the Plaintiff and was professionally engaged by either the Defendants or the Plaintiff or both.

10. Defendant(s), JOHN DOE ONE (1), Alias Unknown Doctor(s), sued herein in his/her/their individual and official capacity, at all times material to this Complaint was/were an attending doctor(s) provider(s) whom provided medical services to the Plaintiff and was professionally engaged by either the Defendants or the Plaintiff or both.

11. Defendant(s), JOHN DOE TWO (2), Alias Unknown Guard(s), sued herein in his/her/their individual and official capacity, at all times material to this Complaint worked at that institution which housed your Plaintiff and owed a duty to communicate certain information between the Plaintiff and Defendant(s) regarding certain medical issues or concerns to the appropriate care provider(s) within the correctional facility and/or outside the correctional facility.

12. Defendant(s), JOHN DOE THREE (3), Alias Unknown Staff, sued herein in his/her/their individual and official capacity, at all times material to this Complaint worked for the Defendant or Defendants and owed a duty to communicate certain information between the Plaintiff and Defendant(s) regarding certain medical issues or concerns to the appropriate care provider(s) within the correctional facility and/or outside the correctional facility.

13. The Defendant, STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, is and was the employer of all other named Defendants and was otherwise responsible to ensure that each Defendant performed his/her job in a good and workmanlike fashion.

14. Each Defendant is being sued in their individual capacity; as agent, servant and employee of the State of Rhode Island and as agent, servant and employee of each other.

Court
& Bristol
Providence, Rhode Island

## COUNT I

(Negligence and Professional Malpractice)

15. On or about January 22, 200, was committed to the Adult Correctional Institution to serve a certain period of incarceration due to the Plaintiff's acceptance of guilt regarding certain child molestation charges.

16. At all material times, the Defendant(s) knew or should have know that the Plaintiff suffered from a certain medical condition, a birth defect known as "Hydrocephalus", understood to be a buildup of excess cerebrospinal fluid (CSF) within the brain.

17. At all times material and relevant to the Complaint, your Plaintiff did remain at the Adult Correctional Institution in the care, custody and control of your Defendant(s), each and every one of them.

18. On or about March 5, 2000, the Defendant(s) had certain information to believe the Plaintiff's vision to be "20/40" in both the left and right eye.

19. On or before September 26, 2001, the Defendant(s) knew or should have known the Plaintiff's medical history regarding hydrocephalus and prior treatment and medical care regarding such condition.

20. On or before September 26, 2001, the Defendant(s) knew or should have known that the Plaintiff had certain concerns with his vision.

21. On or before September 26, 2001, the Plaintiff submitted in writing his request for medical attention.

22. At all material times, the Defendant(s) did then and do now destroy those written requests submitted by all persons severing a term of incarceration.

23. The Plaintiff's written requests for medical attention were intentionally destroyed.

24. Those written requests were for the specific purpose of requesting medical attention.

25. On or about September 26, 2001, the Defendant(s) conducted a certain examination and had certain information to believe the Plaintiff's vision to still be "20/40", but with certain concerns conveyed by the Plaintiff, however without complaint of pain.

26. On or about September 26, 2001, the Defendant(s) knew or should have known the Plaintiff's medical history regarding hydrocephalus and prior treatment and medical care regarding such condition.

27. The Plaintiff received no treatment on September 26, 2001, for any concerns or information exchanged on that day.

28. On or about September 27, 2001, the Defendant(s) reviewed certain information regarding the Plaintiff's medical history and the prior examination conducted and information gathered on the above referenced September 26, 2001.

29. The Plaintiff received no treatment on September 27, 2001, for any concerns or information reviewed on that day.

30. After September 27, but before October 29, 2001, the Plaintiff made complaints to the Defendant(s) regarding growing concerns and fears for his vision.

31. After September 27, 2001, the Plaintiff submitted written requests for medical attention.

32. Most of the Plaintiff's written requests for medical attention, submitted after September 27, 2001, were intentionally destroyed by the Defendant(s).

33. The Plaintiff received absolutely no medical care, review, or other evaluation from the Defendant(s) between September 27, 2001, and October 29, 2001.

34. On or about October 29, 2001, the Defendant(s) had certain information to believe the Plaintiff's vision deteriorated drastically to being able to see only light perception and hand motion at six (6) inches.

35. On or about October 29, 2001, the Defendant(s) had certain information to believe the Plaintiff lost his vision and that such loss was then and is still considered legally blind.

36. The Plaintiff's blindness is permanent.

37. The Defendant(s) did fail to provide the Plaintiff with reasonably prudent ordinary care.

38. Respectively, each Defendant did fail to provide the Plaintiff with that minimum standard of care of a reasonably prudent person with the same or similar professional or vocational qualifications to which the Plaintiff was entitled and of which that respective Defendant was required to exercise.

39. The Plaintiff's blindness is a direct and proximate result of the Defendant(s) negligence as specified above.

40. As a direct and proximate result of the Defendant(s) negligence, the Plaintiff did sustain and will continue to sustain great mental pain, anguish, emotional and mental stress, loss of life's pleasures, and other great suffering of the mind and body, including without limitation the permanent loss of vision.

**WHEREFORE**, your Plaintiff prays that judgment be entered against your Defendants, individually and severally, jointly and collectively, in their individual capacity and as employees of the State of Rhode Island and as agents, servants and employees of each other for **COMPENSATORY DAMAGES** in a sum sufficient to grant jurisdiction to this Court, together with an award of interest, costs and reasonable attorneys fees.

## COUNT II

(Violation of Open Records Statute)

41. The Plaintiff re-alleges paragraphs One (1) through Forty (41) and makes said paragraphs incorporated by reference as if set forth in full herein.

42. The Defendant(s), at all times material to this complaint, were and are subject to the Public Records Laws for the State of Rhode Island found in the General Laws under Title Thirty-eight (38).

43. The Plaintiff submitted written requests to the Defendant(s) in connection with the transaction of the Defendant's official business.

44. The Defendant(s) failed to establish certain retention policy and procedures for those written requests submitted by the Plaintiff and those similarly situated at the Adult Correctional Institution.

45. Specifically, at all times material to this complaint, including the present, the Defendant(s)' normal and standard policy regarding written requests submitted for medical attention is to destroy them shortly after they are received.

**WHEREFORE**, your Plaintiff prays that judgment be entered against your Defendants, individually and severally, jointly and collectively, in their individual capacity and as employees of the State of Rhode Island and as agents, servants and employees of each other for **COMPENSATORY** and **STATUTORY DAMAGES** in a sum sufficient to grant jurisdiction to this Court, together with an award of interest, costs and reasonable attorneys fees.

True Copy Attest

## COUNT III

(Article I Section 2 Deprivation of Rights and Article I Section 8 Deprivation of Rights under the Rhode Island Constitution and Rights Guaranteed under the Constitution of the United States)

46. The Plaintiff re-alleges paragraphs One (1) through Forty (40) and makes said paragraphs incorporated by reference as if set forth in full herein.

47. At all times material to the Plaintiff's Complaint, the Defendant(s) did act under color of law.

48. The Defendant(s) acted or failed to act intentionally or recklessly.

49. The Defendant(s) egregiously acted or failed to act.

50. As a direct and proximate result of the Defendant(s) intentional, or reckless, or egregious conduct, the Plaintiff did suffer great personal injury, mental and emotion suffering as hereinbefore alleged.

51. Your Plaintiff further specifically avers that this was done due to the nature of the charges for which he was convicted.

52. Your Defendants, each and every one of them, having personal knowledge that convictions of this nature, placed that inmate at a high risk of personal harm.

53. As a direct and proximate result of the Defendant(s) action or inaction, the Plaintiff was deprived his rights as guaranteed to him by Article I Section 2 and Article I Section 8 of the Constitution for the State of Rhode Island and Providence Plantations.

54. Through their action or inaction, the Defendant(s) have inflicted certain cruel and unusual punishment upon the Plaintiff in violation of his State and Federally protected rights.

55. Your Plaintiff further avers that he has been otherwise deprived of his rights as guaranteed him under the United States Constitution's Fifth Amendment right to be free from deprivation of life, liberty, or property, without due process of law; The Eighth Amendment right to be free from cruel and unusual punishment; The Fourteenth Amendment right which makes the Fifth Amendment and Eighth Amendment rights applicable against the State of Rhode Island and each specified person; And the rights provided in Article I Section 2 of the Rhode Island State Constitution against deprivation of life, liberty or property without due process of law, against denial of equal protection

of the laws, and under Article I Section 8 of our State constitution against cruel punishments.

56. Your Plaintiff specifically reserves the right to amend his complaint as more detailed and specific facts are clarified through the discovery process.

**WHEREFORE**, your Plaintiff prays that judgment be entered against your Defendants, individually and severally, jointly and collectively, in their individual capacity and as employees of the State of Rhode Island and as agents, servants and employees of each other for **COMPENSATIORY, PUNITIVE,** and **STATUTORY DAMAGES** in a sum sufficient to grant jurisdiction to this Court, together with an award of interest, costs and reasonable attorneys fees.

Plaintiff,
Through Counsel,

Joseph-Anthony DiMaio, Esq.
Attorney #3910
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861
(401) 723-9655

Date: Wednesday, September 29, 2004