**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RICHARD MOREAU<br><br>VS.<br><br>STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS, ASHBEL T. WALL, DIRECTOR, JAMES WEEDEN, WARDEN, JOSEPH MAROCCO, ASSOCIATE DIRECTOR OF HEALTH CARE, SCOTT ALLEN, MD, DR. SMILEY, BARBARA A. CARROLL, RN, MARYLYN GREJUDUS, RN, JOHN DOE (1), JOHN DOE (2), JOHN DOE (3) | ) | C.A. No: 04-459S |

**PLAINTIFF'S, PARTIAL OBJECTION TO MOTION FOR SUMMARY JUDGMENT**

**NOW** comes the Plaintiff, Richard Moreau, and objects, in part, to the Motion for Summary Judgment filed by Defendants, A.T. Wall and James Weeden, ("State" or "Defendants"). More specifically, Plaintiff objects to certain representations contained in Defendants' Statement of Undisputed Facts, and objects to dismissing Defendant, A.T. Wall, from Count II and Count III of Plaintiff's Complaint. Plaintiff has no objection to grant of Summary Judgment on behalf of Defendant James Weeden. In further support of said objection, Plaintiff incorporates by reference herein Plaintiff's Memorandum of Law and Plaintiff's First Statement of Disputed and/or Undisputed Facts.

**WHEREFORE**, Plaintiff requests Defendant's Motion be denied in part and granted in part as specified above.

Plaintiff,
By Counsel,

Joseph-Anthony DiMaio, Esq.
Attorney #3910
Mckinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655

**CERTIFICATION**

I hereby certify that a true copy of the within Objection was faxed and mailed to **Thomas A. Palombo Esq.**, 150 South Main Street, Providence, RI 02903, on the 6th day of July, 2006.

Candy Lund

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RICHARD MOREAU | ) | |
| | ) | |
| VS. | ) | C.A. No: 04-459S |
| | ) | |
| STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS, ASHBEL T. WALL, DIRECTOR, JAMES WEEDEN, WARDEN, JOSEPH MAROCCO, ASSOCIATE DIRECTOR OF HEALTH CARE, SCOTT ALLEN, MD, DR. SMILEY, BARBARA A. CARROLL, RN, MARYLYN GREJUDUS, RN, JOHN DOE (1), JOHN DOE (2), JOHN DOE (3) | ) | |

**PLAINTIFF'S, MEMORANDUM OF LAW IN SUPPORT OF PARTIAL OBJECTION TO MOTION FOR SUMMARY JUDGMENT**

**NOW** comes the Plaintiff, Richard Moreau, and in support of his partial objection to the Motion for Summary Judgment filed by the defendants, A.T. Wall and James Weeden ("State" or "Defendants"), files this memorandum of law and in further support, files Plaintiff's First Statement of Disputed and/or Undisputed Facts ("FSF") pursuant to Local Rule 56. It should be noted that Plaintiff's Motion focuses only on Count III of Plaintiff's First Amended Complaint ("Complaint"). Therefore, Plaintiff categorically opposes and objects to any and all precedential value that Defendants Motion for Summary Judgment may have on those counts (i.e. Count I and Count II) not actually litigated by this present motion and as to those Defendants which do not actually join herein. For reasons stated herein Plaintiff respectfully requests the Defendant's, A.T. Wall's ("Wall"), Motion for Summary Judgment be denied and dismissed. It is through this analysis and a review of Wall's statutory power and authority that Plaintiff does not object to dismissal of Defendant, James Weeden's ("Weeden") Motion for Summary Judgment[1].

---

1 Plaintiff specifically reserves the right to supplement this memorandum and his FSF as it pertains to any future motion for Summary Judgment that Weeden may raise, provided same is not prohibited by Local Rule 56(c). Moreover, since Weeden's memorandum makes it clear that there are other motions which address his liability under Plaintiff's Count II, and since Weeden has rested his Count II defense on the argument, Plaintiff categorically objects and reserves his right to further argue the liability of this Defendant as "John Doe".

**FACTS:**

Plaintiff's Complaint contains three counts. Count I is titled " –negligence and professional malpractice, Count II is entitled "Violation of Open Records Statute, and Count II regarding his state and federal constitutional claims. The Defendant, A.T. Wall, occupied the statutory position of Director, within the Department of Corrections. (FSF ¶4) His duties and responsibilities are set forth in R.I.G.L.§42-56-10. As such it was his duty to maintain adequate records for Plaintiff pursuant to R.I.G.L.§42-56-10(16) and to make rules and regulations regarding the Plaintiff's care §42-56-10(22). In addition he sets policy direction and oversees all operations for [the Department of Corrections]. FSF ¶5.

Support is found that he is aware of the existence of the medical request slip ("Slip") and has referred to it as a "request form" (see FSF ¶10) and "slip" (Id.) which is dropped in any facility mail box or handed to a nurse. (Id.). The Slip's description and use is detailed by Joseph Morocco (FSF ¶7-9). The only policy referring to the slip's use or existence is "Policy Number 18.31 DOC" (FSF ¶10). Defendant, Ashbel T. Wall personally signed "Policy Number 18.31 DOC" (Id.).

The Plaintiff attempted to obtain vision specific medical care by submitting a Slip before September 17, 2001 (FSF ¶13.). However Plaintiff's Slip was destroyed (FSF ¶11) without action requiring Plaintiff to write a letter to the Health Services Administrator on September 17, 2001 (FSF 13). At all times material to Plaintiff's Complaint there was no policy in effect regarding the preservation of the Slip (FSF ¶12), and in fact the Defendants established practice was to destroy the Slips after they are "handled by the medical staff" (FSF ¶14).

Plaintiff has alleged the knowing and intentional and/or reckless and/or egregiousness of the Defendants actions or failure to act (FSF ¶21).

**ARGUMENT:**

Defendant's Statement of Undisputed Facts ("SUF") incorporates Plaintiff's Complaint. (see SUF). Defendant was born with a medical condition known as "hydrocephalus" (SUF ¶16). As a result of various actions or inactions, Plaintiff became permanently blind. Whether permanent

blindness is sufficiently serious to rise to the constitutional level necessary for an action under 42 USC §1983 was not disputed or argued by Defendants in their Motion.

Defendants claim they should not be named parties because they had "no contact whatsoever with Plaintiff." See Defendants Memorandum p. 3. However that is not the standard under 42 USC §1983. "To establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Kentucky v. Graham, 473 U.S. 159, 166 (U.S. 1985); see also Dimarco-Zappa v. Cabanillas, 238 F.3d 25, 36 (1st Cir. 2001) (As part of their argument for qualified immunity, appellants make the misplaced argument that because "they were not personally involved"). It should be noted that Count III of Plaintiff's complaint does not allege facts which could be liberally construed to invoke supervisory liability (see generally Cpt.).

In Estelle, infra the court established that the Defendants have a constitutional obligation[2] to "provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical "torture or a lingering death," In re Kemmler, [], the evils of most immediate concern to the drafters of the Amendment. In less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose. Cf. Gregg v. Georgia, []. The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation codifying the commonlaw view that "it is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself." (internal citations omitted) Estelle v. Gamble, 429 U.S. 97, 103-104 (U.S. 1976).

Different from Estelle, Plaintiff's complaint is generally one of being denied medical treatment on a timely basis, the denial of which is rooted in the interruption or effective denial of his request for vision specific medical attention (see generally Cpt.). The interruption of vital medical information ordinarily does not require an expert to understand. see cf Richardson v.

2 Plaintiff submits Defendants obligation is at least co-equal or more pervasive under the State of Rhode Island Constitution.

Nassau County, 277 F. Supp. 2d 196, 202 (D.N.Y. 2003). "So long as the medical need to which the corrections officials were deliberately indifferent is 'serious,' the standard of the Eighth Amendment is violated." Koehl v. Dalsheim, 85 F.3d 86, 88 (2d Cir. 1996). There is an obvious causal link between the deprivation and/or destruction of medically relevant information and serious harm. By it's very essence medical information necessarily pertains to personal well-being and care. Plaintiff thereby can prove the required causal link Jones v. Rhode Island, 724 F. Supp. 25, 32 (D.R.I. 1989) between a serious personal injury and the failure to establish retention for the Slips and/or the tacit knowing destruction of the Slips.

Plaintiff proffers that complaints of a change in vision as intimated by Plaintiff in his September 17, 2001 letter (FSF ¶13) and the destruction of his Slip (Id.) is "sufficiently harmful" (see Defendants Memorandum p. 3) and violates contemporary standards of decency given the ordinary persons understanding of the significance of medical records as it may effect life and death or debilitating medical decisions.

Regarding Qualified Immunity, Qualified immunity is an affirmative defense, and thus the burden of proof is on defendants. (internal citations omitted). Dimarco-Zappa v. Cabanillas, 238 F.3d 25, 35 (1st Cir. 2001).

Charged with the duty to maintain adequate records of persons committed to the custody of the department (FSF ¶6) is a clearly established right of which the Defendants knew. Moreover Title 38 of the Rhode Island General Laws establish a clear right of the Plaintiff to have his confidential medical record retained by the public agency, hence a public record. See generally R.I.G.L.§38 et. seq. Violation of a clearly established statutory or constitutional right of which a reasonable person acting under color of law would have known prevents the application of qualified immunity. see Hegarty v. Somerset County, 53 F.3d 1367, 1372 (1st Cir. 1995). (citing Harlow v. Fitzgerald, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982); Burns v. Loranger, 907 F.2d 233, 235 (1st Cir. 1990)).

**WHEREFORE**, Defendant, Wall's, Motion for Summary Judgment should be denied as specified, and Defendant Weeden's Motion for Summary Judgment be restricted only as to Count III.

Plaintiff,
By Counsel,

Joseph-Anthony DiMaio, Esq.
Attorney #3910
Mckinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed to **Thomas A. Palombo Esq.**, 150 South Main Street, Providence, RI 02903, on Monday, July 10, 2006.