**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RICHARD MOREAU | ) | |
| | ) | |
| VS. | ) | C.A. No: 04-459S |
| | ) | |
| STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS, ASHBEL T. WALL, DIRECTOR, JAMES WEEDEN, WARDEN, JOSEPH MAROCCO, ASSOCIATE DIRECTOR OF HEALTH CARE, SCOTT ALLEN, MD, DR. SMILEY, BARBARA A. CARROLL, RN, MARYLYN GREJUDUS, RN, JOHN DOE (1), JOHN DOE (2), JOHN DOE (3) | ) | |

**PLAINTIFF'S, FIRST STATEMENT**
**OF DISPUTED AND/OR UNDISPUTED FACTS ("FSF")**

**NOW** comes the Plaintiff, Richard Moreau, and in support of his objection to the Motion for Summary Judgment filed by the defendants, A.T. Wall and James Weeden ("State" or "Defendants"), pursuant to Local Rule 56, states as follows:

**Disputed:**

1. Plaintiff disputes the summary characterization of Plaintiff's First Amended Complaint ("Cpt.") contained in SUF ¶3, however lets said Cpt. stand for itself through Defendants citation "See Cpt." see SUF ¶3.
2. Plaintiff disputes the portion of SUF ¶8 referring to Wall and Weeden, stating that "no specific allegations are made as against them" see SUF ¶8.
3. At all times material to this complaint, written requests submitted for medical attention by inmates to the Defendants are public records subject to retention pursuant to Title 38 et. seq. of the Rhode Island General Laws. see R.I.G.L.§38-1-1.1(c). Plaintiff submits that as a matter of law this fact should not genuinely be in dispute.

**Undisputed:**

4. Defendant, Ashbel T. Wall, at all times material to Plaintiff's First Amended Complaint ("Cpt.") was the Director of the Department of Corrections and had the overall duty to manage and control the Department of Corrections and the Adult Correctional Institution. see Cpt. ¶2; see also Answer ¶2.

5. At all times material to Cpt., Defendant, Ashbel T. Wall did "set policy direction and oversee all operations for [the Department of Corrections]..." see Exhibit A.

6. At all times material to Cpt., Defendant, Ashbel T. Wall was required to "[m]aintain adequate records of persons committed to the custody of the department;" R.I.G.L.42-56-10(16) and further to "[m]ake and promulgate necessary rules and regulations incident to the exercise of his or her powers and the performance of his or her duties, including, but not limited to, rules and regulations regarding care... " R.I. Gen. Laws § 42-56-10(22).

7. The medical request slip is a multi-part pre-printed form which consists of three parts, one part white marked "White –Dispensary, Yellow-Administrator, Pink-Inmate," see Exhibit B, (Joseph Marocco Deposition p14-16).

8. Medical request slips were made readily available to the Plaintiff. See Exhibit B, p16, lines 5 – 18).

9. Plaintiff could request a medical appointment using the medical request slip. See Exhibit B, p 15, lines 14-16).

10. The only policy know to be in effect during the times material to the Plaintiff's complaint which makes any reference to the medical request slip is Policy Number "18.31 DOC" see Exhibit C.

11. Plaintiff has alleged that "at all times material to this complaint, including the present, the Defendant(s)' normal and standard policy regarding written requests submitted for medical attention is to destroy them shortly after they are received." Cpt. ¶45.

12. Defendants denied any policy regarding written requests submitted for medical attention. see Answer ¶45.

13. Plaintiff did submit medical slips before September 17, 2001. see Exhibit D.

14. Defendants acknowledge that "written medical requests are destroyed after a medical request is handled by the medical staff." see Answer ¶45.

15. Plaintiff does not dispute that "Plaintiff alleges Wall and Weeden acted intentionally, recklessly and egregiously." see SUF ¶8.

16. As to Count II, on July 7, 2006, Plaintiff filed his opposition to Defendants Motion for Judgment on the Pleadings. see Objection

17. As to Count II, Plaintiff's First Amended Complaint ("Cpt.") alleges that "[t]he Plaintiff re-alleges paragraphs One (1) through Forty (41) and makes said paragraphs incorporated by reference as if set forth in full herein." [sic] see Cpt. ¶41.

18. As to Count II, Plaintiff makes specific allegations against each and every Defendant by making multiple references to all "Defendant(s)" see Cpt. ¶42-45.

19. Specifically, Plaintiff alleges "[t]he Defendant(s) failed to establish certain retention policy and procedures for those written requests submitted by the Plaintiff and those similarly situated at the Adult Correctional Institution." See Cpt. 44.

20. As to Count III, Plaintiff's First Amended Complaint alleges that "[t]he Plaintiff re-alleges paragraphs One (1) through Forty (40) and makes said paragraphs incorporated by reference as if set forth in full herein." see Cpt. ¶46.

21. Specifically, Count III alleges the Defendants intentional or reckless (Cpt. ¶50), and/or egregious (Cpt. ¶51) conduct and/or failure to act Id.

Plaintiff,
By Counsel,

Joseph-Anthony DiMaio, Esq.
Attorney #3910
Mckinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655

## CERTIFICATION

I hereby certify that a true copy of the within was mailed to **Thomas A. Palombo Esq.**, 150 South Main Street, Providence, RI 02903, on the ~~30th~~ 10th day of ~~June~~ July, 2006.

Candy Lund