**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RICHARD MOREAU | ) | |
| | ) | |
| VS. | ) | C.A. No: 04-459S |
| | ) | |
| STATE OF RHODE ISLAND, et. al | ) | |

**PLAINTIFF'S MOTION**
**FOR PARTIAL SUMMARY JUDGMENT**
**AS TO DEFENDANTS' AFFIRMATIVE DEFENSES**

**NOW** comes the Plaintiff in the above-entitled matter and for cause pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves this Honorable Court grant an order in favor of Plaintiff eliminating those "Affirmative Defenses" which this Court deem unsupportable, or otherwise not viable.

In further support of said motion, Plaintiff incorporates herein by reference his attached Supportive Memorandum of Law.

**WHEREFORE,** Plaintiff respectfully requests his motion be granted.

Plaintiff,
By Counsel,

Joseph Anthony DiMaio, Esq.
Attorney #3910
Mckinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655
(401) 722-9106 (fax)

**CERTIFICATION**

I hereby certify that a true copy of the within Objection was mailed to **Thomas A. Palombo Esq.**, 150 South Main Street, Providence, RI 02903, on Thursday, July 27, 2006.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RICHARD MOREAU | ) | |
| | ) | |
| VS. | ) | C.A. No: 04-459S |
| | ) | |
| STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS, ASHBEL T. WALL, DIRECTOR, JAMES WEEDEN, WARDEN, JOSEPH MAROCCO, ASSOCIATE DIRECTOR OF HEALTH CARE, SCOTT ALLEN, MD, DR. SMILEY, BARBARA A. CARROLL, RN, MARYLYN GREJUDUS, RN, JOHN DOE (1), JOHN DOE (2), JOHN DOE (3) | ) | |

**PLAINTIFF'S, MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANTS' AFFIRMATIVE DEFENSES**

**NOW** comes the Plaintiff, Richard Moreau, and in support of his Motion to For Partial Summary Judgment as to Defendants' Affirmative Defenses states as follows:

**FACTS:**

Plaintiff's First Amended Complaint pleads three counts, Count I is titled " –negligence and professional malpractice", Count II is entitled "Violation of Open Records Statute," and Count III pertains to his state and federal constitutional claims (see SSF ¶1).

All defendants[1] in the present suit have pled in unison affirmative defenses, "First" through "Thirteenth" (see SSF ¶2). In addition, the Defendants, Barbara A. Carroll, R.N. and Marylyn

[1] Defendants, SCOTT ALLEN and DR. SMILEY, have been voluntarily dismissed from the suit by way of dismissal stipulation. All other enumerated defendants which presently remain active in this litigation are collectively referred to as "All defendants".

Grejdus Hale, R.N., filed and Amended Answer which pleads an additional "Fourteenth" affirmative defense of "Statute of Limitations" (see SSF ¶3)

Dispositive motions are due on July 27, 2006, the same day that expert discovery closes. However, now expert discovery is subject to the terms and conditions of a July 26, 2006 order "denying without prejudice"[2] Plaintiff's Motion to Strike Expert Disclosure and Preclude Testimony ("Motion") (SSF ¶5).

**LAW:**

**Federal Rules of Civil Procedure:**

USCS Fed Rules Civ Proc R 56(d) entitled "Case Not Fully Adjudicated on Motion" states that "[I]f on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly." Id.

---

2 At hearing on Plaintiff's Motion, it was accepted that the Defense expert reports were provided to Plaintiff on July 25, 2006. However, the Motion was "Denied without prejudice for the reasons stated at today's hearing". Those reasons included the remoteness of a trial date in the not so near future, and the remedies the Court fashioned on the record which offer the Plaintiff the benefit of additional time. The remedies included Plaintiffs ability to renew his Motion upon a showing of prejudice and upon articulating further unsatisfactory compliance of those reports with the disclosure requirements once Plaintiff had an opportunity to more fully review the reports with the assistance of his expert, the ability to depose Defense experts, and to identify a rebuttal expert.

USCS Fed Rules Civ Proc R 12(f) "Motion To Strike. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any **insufficient defense** or any **redundant**, **immaterial**, **impertinent**, or scandalous matter." (emphasis supplied) Id.

**Case Law:**

In Rowey v. Children's Friend & Serv., 2003 R.I. Super. LEXIS 153, 11-12 (R.I. Super. Ct. 2003), a Rhode Island State Superior Court Justice has found that

> In spite of this general rule against deciding parts of claims pursuant to a motion for summary judgment, some courts have held that Rule 56(d) may be used to eliminate affirmative defenses. See e.g., Sterling Bank v. Sterling Bank & Trust, 928 F. Supp. 1014, 1996 U.S. Dist. LEXIS 12219, at *10 (D.C. Cal. 1996), (granting motion for partial summary judgment on affirmative defenses); Intl. Ship Repair & Marine Servs. v. St. Paul Fire & and Marine Ins. Co., 944 F. Supp. 886, 891 (D.C. Fla. 1996) (stating that "partial summary judgment may be used by the Court to dispose of affirmative defenses. The effect being that if the moving party sustains its burden, then the affirmative defenses will be struck by the Court"). It has been stated that "although a few courts have ruled that a partial summary judgment is not available because a Rule 12(f) motion to strike is the proper procedure, the better approach is to allow Rule 56(d) to be utilized" as "[a] motion to strike a defense under Rule 12(f) is extremely limited because no matter outside the pleadings can be considered in deciding the motion." *Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d* § 2736. Finding this reasoning persuasive, this Court will entertain Plaintiff's Motion for Partial Summary Judgment as to the statute of limitations and Lisa's standing because both constitute affirmative defenses."
>
> Id., Rowey.

**ARGUMENT:**

Plaintiff anticipates that some or all of the Defendants remaining in this matter may file a motion for summary judgment which may not render judgment upon the whole case or for all the relief asked, necessitating a trial for its complete adjudication. Anticipating this to be the case, this motion specifically requests this Court conduct a Rule 56(d) inquiry to determining the viability of

the Defendants' Affirmative Defenses, and dismiss those defenses that are not controverted in good faith, "directing such further proceedings in the action as are just." Id.

To the extent some of Defendant's Affirmative defenses may not be argued in Defendants' anticipated Motion for Summary Judgment, Plaintiff specifically seeks an order summarily dismissing those enumerated defenses as not controverted.

Moreover, since the Defendants' motion is expected to be filed today, the last day for filing a dispositive motion, Plaintiff files this motion and memorandum to preserve his right to affirmatively move to strike those defenses which are unsubstantiated and/or which fail summary judgment.

In addition, Plaintiff intends to hereby preserve his ability to preclude from consideration the Defendants' expert reports if same are included within the Defendant's dispositive motion submission. Plaintiff claims that prejudice will be tantamount to a disclosure two days before trial.

Since trial is certainly understood to be dispositive in nature, had the Defendants' expert reports been received two days before trial, then Plaintiff's Motion may have granted the extreme remedy of preclusion based upon the reasons "stated at [] hearing"[3]. Consideration of those reports, received only two days before the dispositive motion deadline, has the same effect as if received only two days before trial. Thus, the remedies offered at hearing[4] will be rendered inert.

While Plaintiff hopes this aspect of his motion is premature until defendants' motion is actually filed, once it is filed and received by Plaintiff, there will be inadequate time to respond proactively with a motion which is dispositive arguing as a basis the absence of a required expert disclosure. Plaintiff would then be left only with the ability to react and oppose Defendant's

---

[3] Referring to the July 26, 2006 hearing on Plaintiff's Motion to Strike Defendants' Expert Disclosure and to Preclude Testimony, and the order which emanated from the hearing.

[4] Id.

motion with no ability to obtain any recourse without filing a motion of his own affirmatively seeking relief. The prejudice to Plaintiff lies in the proximity of the timing of the Defendants' expert disclosure with the dispositive motions.

**CONCLUSION:**

For the above stated reasons, it is appropriate at this juncture for the court to make final determinations and narrow issues for trial. It is further appropriate for this court to disregarding any Defense argument made in their own dispositive motion which relies on their late expert disclosure.

Plaintiff,
By Counsel,

Joseph-Anthony DiMaio, Esq.
Attorney #3910
Mckinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655

**CERTIFICATION**

I hereby certify that a true copy of the within Objection was mailed to **Thomas A. Palombo Esq.**, 150 South Main Street, Providence, RI 02903, on the 27th day of July, 2006.