**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RICHARD MOREAU | ) | |
| | ) | |
| VS. | ) | C.A. No: 04-459S |
| | ) | |
| STATE OF RHODE ISLAND, et. al. | ) | |

# PLAINTIFF'S, OBJECTION TO AMENDED MOTION FOR SUMMARY JUDGMENT

**NOW** comes the Plaintiff, Richard Moreau, and objects to the Amended Motion for Summary Judgment filed by Defendants, A.T. Wall and James Weeden, ("WW"). In further support of said objection, Plaintiff incorporates by reference herein "Plaintiff's Memorandum of Law in Support of Objection to Following: Amended Motion for Judgment on the pleadings, and Amended Motion for Summary Judgment."

**WHEREFORE**, Plaintiff requests Defendants' Motion be denied.

Plaintiff,
By Counsel,

Joseph Anthony DiMaio, Esq.
Attorney #3910
Mckinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655
(401) 722-9160
contact@mckinnonharwood.com

## CERTIFICATION

I hereby certify that a true copy of the within Objection was [redacted]d mailed to **Thomas A. Palombo Esq.**, 150 South Main Street, Providence, RI 02903, on the 31st day of July, 2006.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RICHARD MOREAU | ) | |
| | ) | |
| VS. | ) | C.A. No: 04-459S |
| | ) | |
| STATE OF RHODE ISLAND, et. al. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN SUPPORT OF OBJECTION TO FOLLOWING:**
**AMENDED MOTION FOR JUDGMENT ON THE PLEADINGS, AND**
**AMENDED MOTION FOR SUMMARY JUDGMENT**

**NOW** comes the Plaintiff, Richard Moreau, and in support of his objection to the Amended Motion for Summary Judgment filed by defendants, A.T. Wall and James Weeden ("WW"), and in support of his objection to the Amended Motion for Judgment on the Pleadings filed by Defendants A.T. Wall, James Weeden, Joseph Marocco, Barbara Carroll and Marilyn Hale (formerly, Grejudus), ("State" or "Defendants") (both motions collectively hereafter referred to as "Amended Motions"), states as follows:

**FACTS:**

Plaintiff's Complaint was filed in state court on September 1, 2004 (TSF ¶1). Plaintiff's First Amended Complaint ("Cpt.") was filed in state court on September 30, 2004 (TSF ¶2). Defendants filed a Motion for Judgment on the Pleadings as to Count II, on June 16, 2006 (TSF ¶4), simultaneous with WW's Motion for Summary Judgment also filed on June 16, 2006 (TSF ¶5) (both motions collectively hereafter as "First Motions"). Plaintiff filed his opposition to Defendants' motion on July 7, 2006 (TSF ¶6), and filed his opposition to WW's motion on July 10, 2006 (TSF ¶7).

Per local rule 7(b)(2), the deadline for the movants, Defendants, to file a reply to Plaintiff's opposition, not later than ten (10) days, expired on July 17, 2006 and July 20, 2006, respectively.

No such reply was filed. This Court scheduled and heard the First Motions on Wednesday, July 26, 2006 (TSF ¶9). WW and the Defendants now file Amended Motions (TSF ¶11). The Amended Motions were filed two (2) days after the July 26, 2006 hearing on the First Motions. The Amended Motions (TSF ¶12) attempt to add additional grounds to the First Motions (see Document 100) through incorporation by reference of a Motion for Summary Judgment (¶11) filed on behalf of all Defendants on July 27, 2006 Id.

**LAW:**

**Federal Rules of Civil Procedure:**

RI U.S. Dist. Ct. Rule 7(b)(1) state that "[a]ny party opposing a motion shall file and serve an objection not later than ten (10) days after service of the motion. Every objection shall be accompanied by a separate memorandum of law setting forth the reasons for the objection and applicable points and authorities supporting the objection." Id.

RI U.S. Dist. Ct. Rule 7(b)(2) states "The movant may file and serve a reply memorandum not later than ten (10) days after the service of the objection. RI U.S. Dist. Ct. Rule 7(b)(2)

RI U.S. Dist. Ct. Rule 7(b)(3) states "No memorandum other than a memorandum in support of a motion, a memorandum in opposition, and a reply memorandum may be filed without prior leave of the Court." RI U.S. Dist. Ct. Rule 7.

RI U.S. Dist. Ct. Rule 56(c) regarding successive motions states "[n]o party shall file more than one motion for summary judgment unless the Court otherwise permits for good cause shown. RI U.S. Dist. Ct. Rule 56(c).

USCS Fed Rules Civ Proc R 7 sets forth the definition of "Pleadings" within subsection "(a)" and "Motions" within subsection "(b)". Id.

**ARGUMENT:**

To mitigate the amount of additional hustle and bustle that the Motion to File one-day late (Document #100) would have created, Plaintiff consented. Notwithstanding whether the Amended Motions had to be filed by the July 27, 2006 deadline for dispositive motions, the Amended Motions are substantively objectionable because Defendants have not sought nor obtained leave to file their respective Amended Motions, post-filing of the First Motions, post filing by Plaintiff of an opposition, and/or post-hearing. Thus, for the substantive reason, Plaintiff does not consent to the filing of the Amended Motions and hereby objects.

Defendants' Amended Motions, filed post-briefing and post-hearing motions, lack a procedural mechanism to properly bring it before this court. This court scheduled and heard argument regarding Defendants' Motion for Summary Judgment on July 26, 2006. Local rule does not permit the filing of "successive motions," expressly prohibiting a party from filing "more than one motion for summary judgment unless the Court otherwise permits for good cause shown." RI U.S. Dist. Ct. Rule 56(c)." In addition, pursuant to Local Rule 7(3) supra, "prior leave" Id. is required to file memorandum other than a memorandum in support of a motion, a memorandum in opposition, and a reply memorandum. Id. It should be noted that motions are distinguished from pleadings in Rule 7 of the Federal Rules of Civil Procedure Id.

Requiring the Plaintiff to respond to multiple Motions for Summary Judgment filed without prior leave places an undue burden on the Plaintiff. Defendant only recently served Plaintiff with Defendants' two (2) expert reports on July 24, 2006 (TSF ¶8)[1]. Due to the late receipt of the expert reports, Plaintiff must now find solutions to the hustle and bustle of responding to the Defendants' expert discovery by conferencing with Plaintiff's expert, possibly planning and preparing for depositions of the Defendants' experts, and/or assembling materials necessary for identifying a rebuttal expert which may have inadequate time to respond.

The hustle and bustle created by the Defendants' expert disclosure normally would have occurred before the deadline for filing of Defendants' dispositive motion (TSF ¶10). Unfortunately, Plaintiff is now distracted from the critical task at hand, responding to the Motion

[1] The deadline for serving these reports on Plaintiff was June 14, 2006 (TSF ¶3)

for Summary Judgment (TSF ¶11) filed on July 27, 2006 Id., by the hustle and bustle triggered by Defendants' expert reports.

As if timing could not be worse, the normal hustle and bustle is also complicated by the impending pre-trial memorandum due date of August 31, 2006 (Document #92), consideration for well-deserved family vacation time, and the present Amended Motions.

This case has been pending for almost two (2) years (TSF ¶1; also TSF ¶2). The First Motions, the Amended Motions, and the Defendant's Motion for Summary Judgment (TSF ¶11) could have been prepared several months ago. The Defendants Motion for Judgment on the Pleadings as to Count II certainly could have been lodged well in advance of the present First Motions since ordinarily such a motion does not require any information beyond the pleadings.

Defendants do not raise issues of excusable neglect, mistake, newly discovered evidence, or inadvertence that may be understandable given the modern pressures to keep up with filings and responses at electronic speeds. Arguably, Defendants could have filed a reply to Plaintiff's opposition, pursuant to Local Rule 7(2) supra, to include some type of reference to the issues raised in the Amended Motions, but did not. The only reasonable conclusion is that defendants made a strategy decision not to argue those issues or to rely exclusively upon the arguments in the First Motions and to wait until the deadline within which to file dispositive motions before filing same.

Plaintiff must obviously, and does hereby, reserve the right to incorporate by reference as if set forth fully herein any and all arguments to be made and memorandum to be filed in opposition to Defendants' Motion for Summary Judgment (TSF ¶10), in the event that Defendants' Amended Motion is granted without leave to file. Defendants are not prejudiced, since they are asserting a Motion for Summary Judgment (TSF ¶11) which will be decided upon in due course. Accordingly, the Amended Motions should be denied.

**CONCLUSION:**

Permitting Defendants' to essentially file a successive motion for summary judgment is not fair to Plaintiff. Attorney fees should be awarded Plaintiff's having to unnecessarily prepare successive oppositions with supporting statement of facts and memorandum of law, when only one should have been required.

Plaintiff,
By Counsel,

Joseph-Anthony DiMaio, Esq.
Attorney #3910
Mckinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655
(401) 722-9106 (fax)
contact@mckinnonharwood.com

**CERTIFICATION**

I hereby certify that a true copy of the within Objection was mailed to **Thomas A. Palombo Esq.**, 150 South Main Street, Providence, RI 02903, on Monday, July 31, 2006.