UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICHARD MOREAU | : | |
| | : | |
| v. | : | C.A. No. 04-459S |
| | : | |
| STATE OF RHODE ISLAND, et al. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court is Defendants' Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) (Document No. 80) and Defendants A.T. Wall and James Weeden's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 (Document No. 81). Defendants seek judgment on the pleadings as to Count II of the First Amended Complaint ("FAC") filed by Richard Moreau ("Plaintiff") asserting that Title 38 of the Rhode Island General Laws (Public Records) fails to provide Plaintiff relief as a matter of law. Additionally, Defendants A.T. Wall ("Defendant Wall") and James Weeden ("Defendant Weeden") seek summary judgment as to Count III of the FAC on the grounds that the undisputed facts show no relevant contact between these Defendants and Plaintiff, or any specific knowledge by either of them as to Plaintiff's medical problem.

This matter has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). A hearing was held on July 26, 2006. After reviewing the memoranda submitted by the parties and performing independent research, I recommend that Defendants' Motion for Judgment on the Pleadings as to Count II (Document No.

SCANNED

80) be GRANTED and Defendants Wall and Weeden's Motion for Summary Judgment as to Count III (Document No. 81) be GRANTED.

**Facts and Travel**

On or about January 22, 2000, Plaintiff was committed to the Adult Correctional Institution to serve a substantial period of incarceration. FAC ¶ 15. Plaintiff alleges that, upon his incarceration, Defendants knew or should have known that he suffered from hydrocephalus – a build-up of excess cerebrospinal fluid within the brain. FAC ¶ 16. Plaintiff also alleges that in March 2000, Defendants knew, or should have known, that his vision was "20/40" in each eye. FAC ¶ 18. In September of 2001, Plaintiff became concerned with his eyesight and alleges to have submitted in writing a request for medical attention. FAC ¶ 21. It is undisputed that after a medical request "is handled by the medical staff," the written requests are destroyed. Answer ¶ 45. Plaintiff alleges that he was examined on September 26, 2001 and that he conveyed "certain concerns" regarding his eyesight to Defendants. FAC ¶ 25. Plaintiff alleges he submitted additional written requests for medical attention after September 27, 2001 but received no medical care between September 27, 2001 and October 29, 2001. FAC ¶¶ 32-33. Plaintiff alleges that between September 27, 2001 and October 29, 2001, he became legally blind. FAC ¶¶ 34-35. In the FAC, Plaintiff alleges three counts against Defendants: Count I – Negligence and Professional Malpractice; Count II – Violation of Open Records Statute; and Count III – Deprivation of Civil Rights. On May 5, 2006, this Court granted Defendant State of Rhode Island's Motions for Certification and Substitution of it as party defendant in place of Defendants Wall, Weeden, Carroll, Hale and Marocco as to Count I. (Document No. 77).

## Discussion

### I. Motion for Judgment on the Pleadings

### A. Standard of Review

A motion under Fed. R. Civ. P. 12(c) will "ordinarily warrant the same treatment" as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Collier v. City of Chicopee, 158 F.3d 601, 602 (1st Cir. 1998). That treatment includes accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of the non-movant. See Rockwell v. Cape Cod Hosp., 26 F.3d 254, 255 (1st Cir. 1994). Furthermore, the court should not dismiss the action pursuant to Rules 12(b)(6) or 12(c) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976); and Kiely v. Raytheon Co., 105 F.3d 734, 735 (1st Cir. 1997).

Like Rule 12(b)(6), Rule 12(c) provides that if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...." See Fed. R. Civ. P. 12(c). Finally, the defense that a plaintiff has failed to state a claim for which relief may be granted may be asserted "by motion for judgment on the pleadings." Fed. R. Civ. P. 12(h)(2).

### B. Analysis

In Count II of the FAC, Plaintiff generally alleges a violation of the Rhode Island "Open Records Statute." The FAC does not state under which chapter of Title 38 of the General Laws of Rhode Island Plaintiff is bringing his claim. At the hearing, Plaintiff's counsel clarified that his

client is bringing his Count II claim under Chapter 1 (R.I. Gen. Laws § 38-1-1, et seq.). Plaintiff contends that Defendants' policy of destroying written requests for medical attention shortly after they are received and handled is illegal. FAC ¶¶ 41-45; Answer ¶¶ 44-45. After conducting independent research, this Court concludes Plaintiff fails to state a claim under R.I. Gen. Laws § 38-1-1, et seq. Under Chapter 1, "public records" are defined as "all documents...made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." R.I. Gen. Laws § 38-1-1.1. In support of his Motion, Plaintiff argues that the medical request slips in question fall under the definition of "public records." Whether or not the slips are deemed public records is irrelevant, however, since Chapter 1 does not provide a private cause of action. Though Chapter 1 states that "whoever unlawfully...destroys any public record...shall...be punished by a fine of not less than twenty dollars ($20.00) nor more than five hundred dollars ($500)," it does not state that individuals may bring a private cause of action. R.I. Gen. Laws § 38-1-4. In Stebbins v. Wells, 818 A.2d 711 (R.I. 2003), the Rhode Island Supreme Court noted that when a statute does not plainly provide for a private cause of action for damages, such a right cannot be inferred. Id. at 716.

Nevertheless, Plaintiff argues that violation of Chapter 1 gives rise to a private cause of action through R.I. Gen. Laws § 9-1-2. That statute states that if a person suffers an "injury to their person, reputation, or estate by reason of the commission of any crime or offense, he or she may recover his or her damages for the injury in a civil action against the offender...." R.I. Gen Laws § 9-1-2. Plaintiff's attempt to rely on R.I. Gen. Laws § 9-1-2 is misplaced. First, Plaintiff does not reference R.I. Gen. Laws § 9-1-2 as a basis for relief in the FAC. Count II merely claims that

Defendants violated "Title Thirty-eight" by destroying medical request forms. FAC ¶¶ 41-45. Plaintiff's first mention of a claim under R.I. Gen. Laws § 9-1-2 was in the Objection to Defendants' Motion for Judgment on the Pleadings. Second, by its plain language, an injury to person, reputation, or estate is required under R.I. Gen. Laws § 9-1-2. Plaintiff does not allege that the destruction of the forms caused any personal or bodily injury to him. Rather, in Counts I and III, Plaintiff contends that the forms he submitted were "intentionally destroyed," that he was denied treatment despite knowledge of his medical condition and requests for treatment, and "this was done due to the nature of the charges (child molestation) for which he was convicted." FAC ¶¶ 19-21, 23 and 51. Plaintiff alleges that he suffered blindness due to these acts, not due to the challenged record-keeping policy. Plaintiff does not, and credibly cannot, argue that his bodily injury was caused by the challenged record-keeping policy. Because Plaintiff only alleges a straight record-keeping violation in Count II, this Court concludes that relief for Chapter 1 cannot be granted through R.I. Gen. Laws § 9-1-2 as a matter of law. For all of these reasons, I recommend that Defendants' Motion as to Count II be GRANTED.

## II. Motion for Summary Judgment

### A. Standard of Review

A party shall be entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When deciding a motion for summary judgment, the Court must

review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. Cadle Co. v. Hayes, 116 F.3d 957, 959 (1st Cir. 1997).

Summary judgment involves shifting burdens between the moving and the nonmoving parties. Initially, the burden requires the moving party to aver "an absence of evidence to support the nonmoving party's case." Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986)). Once the moving party meets this burden, the burden falls upon the nonmoving party, who must oppose the motion by presenting facts that show a genuine "trialworthy issue remains." Cadle, 116 F.3d at 960 (citing Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994)). An issue of fact is "genuine" if it "may reasonably be resolved in favor of either party." Id. (citing Maldonado-Denis, 23 F.3d at 581).

To oppose the motion successfully, the nonmoving party must present affirmative evidence to rebut the motion. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57, 106 S. Ct. 2505, 2514-2515, 91 L. Ed. 2d 202, (1986). "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, [or] unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Moreover, the "evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve...." Id. (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)). Therefore, to defeat a properly supported

motion for summary judgment, the nonmoving party must establish a trialworthy issue by presenting "enough competent evidence to enable a finding favorable to the nonmoving party." Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993) (citing Anderson, 477 U.S. at 249).

**B. Analysis**

This Court previously granted Defendants' Motion for Certification and Substitution as to Defendants Wall, Weeden, Carroll, Hale and Marocco as to Count I. Additionally, this Court has recommended Defendants' Motion for Judgment on the Pleadings. See discussion supra. Thus, Defendants Wall and Weeden are no longer parties to Count I or Count II, and this Court need only address Count III as to the Rule 56 Motion of Defendants Wall and Weeden.

Plaintiff does not object to Defendant Weeden's Motion for Summary Judgment on Count III, therefore this Court recommends granting that Motion. This Court additionally recommends granting Defendant Wall's Motion for Summary Judgment on Count III for the reasons that follow.

Defendant Wall focuses his argument on Plaintiff's claims of unnecessary and wanton infliction of pain in penal institutions under the Eighth Amendment of the United States Constitution and Article 1, Section 8 of the Rhode Island Constitution. He does not specifically address Plaintiff's due process claims, relying on Whitley v. Albers, 475 U.S. 312 (1986). In Whitley, a prisoner raised claims under both the Eighth Amendment and the Fourteenth Amendment's Due Process clause. The Court reasoned that "the Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners in cases such as this one...." Id. at 327. This Court agrees with Defendant Wall and, based on Whitley, will analyze Count III only in regard to the

Eighth Amendment of the United States Constitution and Article 1, Section 8 of the Rhode Island Constitution.

Plaintiff relies primarily on Estelle v. Gamble, 429 U.S. 97 (1976), in which the United States Supreme Court established that prison officials have a constitutional obligation to "provide medical care for those whom it is punishing by incarceration." Id. at 103. However, the Court also held that under the Eighth Amendment, an inmate must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" to state a cognizable claim. Id. at 105. Plaintiff also cites Kentucky v. Graham, 473 U.S. 159 (1985), which stated, "to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Id. at 166. (emphasis in original). Plaintiff argues that because Defendant Wall signed the policy referring to the usage of medical request forms (Policy No. 18.31 DOC), he acted with "deliberate indifference to serious medical needs" or "caused the deprivation of a civil right." However, Defendant Wall's awareness of the existence of the policy and the usage of medical request forms at the ACI is not evidence that he was aware of or involved in Plaintiff's medical condition and/or care. On the contrary, Defendant Wall testified that "[a]t no time prior to being served with the plaintiff's complaint have I had any knowledge concerning the allegations contained therein." See Defendant Wall's Answer to Interrogatory No. 10. Additionally, at the July 26, 2006 hearing, Plaintiff's counsel was asked, "Other than issuing the policy, do you have any evidence that Director Wall was involved in Mr. Moreau's actual case? That he had knowledge of his case, that he made any direct decisions that personally involved Mr. Moreau?" Plaintiff's counsel responded, "No, your honor."

Because Plaintiff failed to specifically challenge the statement regarding Defendant Wall's knowledge, which was identified in Defendants' Statement of Undisputed Facts and his Answer to Interrogatory No. 10, Plaintiff is deemed to have admitted the facts contained in that statement. See LR Cv 56(a)(3). If Defendant Wall had no knowledge concerning Plaintiff's medical situation prior to being served with the Complaint in this case, then Defendant Wall could not have acted with "deliberate indifference to serious medical needs" of Plaintiff or "caused the deprivation of [his] civil right[s]." Finally, Plaintiff concedes that Count III of his FAC "does not allege facts which could be liberally construed to invoke supervisory liability." Pl.'s Mem. in Opp. at 3. Therefore, Plaintiff has failed to establish a "trialworthy issue" under Count III as to Defendant Wall, and he has conceded the lack thereof as to Defendant Weeden.

**Conclusion**

For the foregoing reasons, I recommend that Defendants' Motion for Judgment on the Pleadings as to Count II (Document No. 80) be GRANTED and that Defendant Wall and Defendant Weeden's Motion for Summary Judgment as to Count III (Document No. 81) be GRANTED. I also recommend that Defendants' Amended Motions (Document Nos. 102 and 103) be DENIED as moot and without prejudice to the exhaustion defense set forth in Defendants' remaining Motion for Summary Judgment. (Document No. 97).[1]

---

[1] On July 28, 2006, the State filed an Amended Motion for Summary Judgment on behalf of Defendants Wall and Weeden as to Count III (Document No. 103) and an Amended Motion for Judgment on the Pleadings as to Count II (Document No. 102). Plaintiff objects to the Amended Motions as being untimely reply memoranda. See LR Cv 7(b)(2). While this Court finds the State's piecemeal motion practice in this case to be confusing and inefficient, the Amended Motions are mooted by this Report and Recommendation, and this Court recommends that they be denied as such.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
August 7, 2006