**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RICHARD MOREAU | ) | |
| | ) | |
| VS. | ) | C.A. No: 04-459S |
| | ) | |
| STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS, ASHBEL T. WALL, DIRECTOR, JAMES WEEDEN, WARDEN, JOSEPH MAROCCO, ASSOCIATE DIRECTOR OF HEALTH CARE, SCOTT ALLEN, MD, DR. SMILEY, BARBARA A. CARROLL, RN, MARYLYN GREJUDUS, RN, JOHN DOE (1), JOHN DOE (2), JOHN DOE (3) | ) | |

**PLAINTIFF'S, MEMORANDUM OF LAW IN SUPPORT OF PARTIAL OBJECTION TO REPORT AND RECOMMENDATION**

**NOW** comes the Plaintiff, Richard Moreau, and in support of his partial objection to the Report and Recommendation of the Magistrate Judge (Document #107), files this memorandum of law and in further support incorporates by reference the transcript of said hearing pursuant to LR Cv 7[1]. Plaintiff specifically objects to grant of A.T. Wall's ("Wall") motion for Summary Judgment, and specifically objects to grant of Judgment on the Pleadings as to Count II of Plaintiff's First Amended Complaint ("FAC").

The basis for Plaintiff's objections are as follows:

---

[1] Transcript was requested on August 16, 2006 (Document #111) and was not available at the time of filing of this memorandum. Plaintiff respectfully reserves the right to seasonably supplement this memorandum with specific support from the transcript once same is available.

A. Objection to grant of Wall's Motion for Summary Judgment:

The Magistrate misconstrued Plaintiff's argument. Plaintiff's objection and motion focused on Wall's statutory authority and power as a basis for conceding James Weeden's ("Weeden") (a/k/a Warden) liability. Wall, at all material times, was the individual responsible for implementation of policy, the Warden was not. Plaintiff further argued[2] that because Wall signed the policies he was personally involved in the implementation of policy, in his official capacity permitting constitutional scrutiny of his actions and inactions. Thus, since he had adequate authority and personal involvement in a process which effected medical care, his liability is individual if he is derelict in performance of those official duties which cause Plaintiff injury. This argument is consistent wit the "Official Capacity" theories set forth in Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 582 (1st Cir. 1994) and as further argued in Plaintiff's Memorandum of Law in Support of Objection to Motion for Summary Judgment as to Count I and Count III" ("Plf.Mem.109"") (Document #109) see Plf.Mem.109, pp 8-12 (¶"Moreau's Constitutional Claims Do Not Fail against the State and the State Defendants in their Official Capacities"), which pages are specifically incorporated herein by reference. Id.

The statement, "[i]t should be noted that Count III of Plaintiff's complaint does not allege facts which could be liberally construed to invoke supervisory liability." ("Statement") (Document #89, "Pl.'sMem.inOpp." at 3), conveys the idea that liability exists not because Director Wall or the Warden[3] were superiors within the correctional

---

[2] Id. FN1 supra

hierarchy, but because of their individual responsibilities within their respective Official Capacities. Since Wall, as opposed to Weeden, individually had the statutory obligation[4] to create and implement rules and regulations (see e.g. FSOF, Exhibit K "Policy 18.31"), in the exercise of his official duties, the failure to create or implement leads to a Monell, infra, "Official Capacity" claim if performed with deliberate indifference Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (U.S. 1978). Plaintiff submits that in the case at bar, under an official-capacity analysis the entity's "policy or custom... played a part in the violation of federal law". see Ky. v. Graham, 473 U.S. 159, 166 (U.S. 1985) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (U.S. 1978)).

B. Objection to grant of Judgment on the Pleadings regarding Count II:

1) Plaintiff's complaint need only plead facts, not legal conclusions.

Plaintiff gives fair notice of a "statutory claim" founded upon a record retention statute by directing the Defendants to Title 38 (FAC¶42), and should not be penalized for having done so. If Defendants were genuinely concerned with the legal basis for Count II, Defendant's motion for Judgment on the Pleadings would have been filed much sooner. Plaintiff properly identified the basis of his claim as founded in "statute," and

---

[3] During discovery it was learned the Cudworth was in fact the Warden of the Intake Service Center. However Plaintiff was not interested in amending his complaint for the very reasons that the Warden is nothing other a superior within the hierarchy, and since the fundamental duty and authority to make rules and regulations rests with Wall per Rhode Island General Law ("R.I.G.L.") §42-56-10; R.I.G.L.§42-56-10(11); R.I.G.L.§42-56-10(16); R.I.G.L.§42-56-10(22).

[4] see R.I.G.L.§42-56-10

argued[5] that R.I.G.L.§9-1-2 ("Civil liability for crimes and offenses") offered a statutory mechanism to recover compensatory damages per statute.

By analogy and by way of example, Plaintiff respectfully doubts that any motion for judgment on the pleading regarding Count I, would result in dismissal for failure to specifically plead the enabling statute, R.I. Gen. Laws § 9-31-1("Tort liability of state"). Moreover, Plaintiff can find no authority requiring an enabling statute like R.I.G.L.§9-31-1 or R.I.G.L.§9-1-2 be specifically averred in a pleading since its inclusion is not a factual allegation but a conclusion of law. Only the legal theories articulated and enumerated in Rule 9, which includes: Capacity; Fraud; Conditions Precedent, Official Document or Act, Judgment; Time and Place; Special Damage; and Admiralty and Maritime Claims. see USCS Fed Rules Civ Proc R 9, must be specifically plead. Id.

In addition, the rules of pleading require statement of facts, stating:

> "(e) Pleading to be Concise and Direct; Consistency.
>
> (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.
>
> (2) A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds. All statements shall be made subject to the obligations set forth in Rule 11.

5 Id. FN1, supra.

(f) Construction of Pleadings. All pleadings shall be so construed as to do substantial justice.

USCS Fed Rules Civ Proc R 8

The rules of pleading do not require a conceptual caption regarding theories of law. Those theories may be tested at a motion for more definite statement (USCS Fed. Rules Civ. Proc R 8(e)) if genuinely misunderstood. The Rules provide for stay of an answer until decision on this type of motions is rendered, thus discovery is conducted with notice of the legal issues which surround the parties' controversy.

Simply because Defendants are unfamiliar[6] with the statutory vehicle which brings this particular claim to court, does not justify its dismissal. Accordingly, there should be no requirement that Plaintiff specifically aver the enabling statute, "R.I.G.L.9-1-2," when the general laws are widely known to all. Moreover, it is not the sole basis for Count II in light of the incremental culpability contemplated through incorporation by reference. (discussion supra).

[6] Defendants argued that Plaintiff's reliance upon R.I.G.L.§9-1-2 "Civil liability for crimes and offenses" applied only to a limited number of criminal offenses, and then that liability entered automatically after conviction. Plaintiff submits that Defendants were perhaps referring to a distinct statute, R.I.G.L. § 12-28-5, "Civil judgment against defendant" which provides for automatic entry of judgment after conviction of a felony after trial by jury (Id.); or alternatively, R.I.G.L.§12-25-19, "Awarding compensation" found under the Criminal Injuries Compensation Act, which provides for compensation only for victims of specified crimes enumerated under R.I.G.L.12-25-20. Both of the referenced statutes found under Title 12, "Criminal Procedure," (Id. R.I.G.L Title 12) are very distinct from R.I.G.L.§9-1-2 "Civil liability for crimes and offenses," found under Title 9, "Courts and Civil Procedure –Procedure Generally," (Id. R.I.G.L. Title 9) by legislative intent to permit private recovery within a civil action for damages resulting from "any crime or offense" (Id.) even when the nature of the offense is not necessarily a felony or even a crime, but rather is a lesser "offense". Id.

2) The Report and Recommendation fails to address all of Plaintiff's arguments[7].

The Report and Recommendation overlooks the argument that Count II addresses the next incremental level of negligence culpability, distinct from the plain negligence complaint found in Count I. Plaintiff has submitted that Count II incorporates by reference Count I, yet is one incremental step above Count I. While the State may shield it's employees acting within the scope of employment for indemnification purposes under Count I, if their conduct is the product of malice and/or willful misconduct, then liability should remain individual other than destruction of a public record. As too should their liability remain individual for the failure to perform ministerial, non-discretionary, functions, including without limitation the failure to make a doctor appointment, and/or the failure to triage medical request slips, and/or the failure to record medical notes and doctor orders as directed by a superior or by policy or procedure or statute.

Both the alleged violation of statue argument and failure to perform certain acts may constitute willful misconduct permitting finding of individual liability against the Defendants. Since Count II includes an additional allegation of fact, that public records were destroyed in violation of statute, it becomes just another allegation of fact. Perhaps that fact, a ministerial act, may alone support liability or it may support liability in combination with other facts incorporated by reference (FAC¶41) into Count II. Plaintiff's prayer for relief found in Count II plainly seeks "COMPENSATORY"

---

[7] Id. FN 1.

damages, and preserves the Plaintiff's alternative theory of liability against each defendant, as an individual, not subject to any potential limitation on damages.[8]

Grant of Defendant's Motion for Judgment on the Pleadings is tantamount to a decision, as a matter of law, that a violation of the duty to preserve public records, punishable as an "offense" pursuant to R.I.G.L.§38-1-4, cannot be a proximate cause of personal injuries. However that decision or reasoning was not made clear by the Report and Recommendation. As a matter of fact, Plaintiff argued9 that when the information was critical in a decision to provide or not provide medical services, causation had to be assumed in favor of the non-movant. This is consistent with Gercey v. United States, "[c]ausation-in-fact is almost always a jury question. To survive a motion for judgment on the pleadings, plaintiffs need only have shown that reasoning minds could conclude that the [defendant's] alleged misconduct was a substantial factor in producing plaintiffs' injury..." Gercey v. United States, 540 F.2d 536, 538 (1st Cir. 1976).

Thus, Count II appropriately seeks both Compensatory and Statutory damages to reflect the dual nature of the claims presented by Count II. For the above reasons, the Defendant's Motion for Judgment on the Pleadings regarding Count II should be denied, and the Defendant's (Wall's) Motion for Summary Judgment should likewise be denied.

---

8 See R.I. Gen. Laws § 9-31-2. Plaintiff hereby expressly denies that any such limitation applies in the case at bar, however includes herein this express denial to ensure his rights are reserved with respect to this potential issue.

9 Id. FN 1, notwithstanding a finding of supervening negligence as opposed to concurring proximate causes.

**WHEREFORE**, the Report and Recommendation should be disregarded with respect to Wall's Motion for Summary Judgment should be disregarded with respect to the Motion for Judgment on the Pleadings regarding Count II. The Defendant's (Wall's) Motion for Summary Judgment should likewise be denied The Report and Recommendation should be followed, however, with regard to grant of Weeden's Motion for Summary judgment for the reasons stated herein.

Plaintiff,
By Counsel,

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio, Esq. (#3910)
Mckinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655
(401) 722-9160
contact@mckinnonharwood.com

## CERTIFICATION

I hereby certify that on Monday, August 21, 2006, a true copy of the within, was served upon the following and in the following manner(s):

**Thomas A. Palombo Esq.**, by electronic means only to " tpalombo@riag.ri.gov".

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio