**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RICHARD MOREAU | ) | |
| | ) | |
| VS. | ) | C.A. No: 04-459S |
| | ) | |
| STATE OF RHODE ISLAND, et. al | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**NOW** comes the Plaintiff in the above-entitled matter and pursuant to Local Rule 7(b)(2) for cause replies to Defendant's Opposition to Plaintiff's Motion for Summary Judgment as to their Affirmative Defenses. In support of said reply, Plaintiff incorporates herein by reference his attached Supportive Memorandum of Law.

**WHEREFORE**, Plaintiff respectfully requests his prayer for relief as originally requested in Plaintiff's Motion for Summary Judgment As To Affirmative Defenses, be granted.

Plaintiff,
By Counsel,

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio, Esq.
Attorney #3910
Mckinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655
contact@mckinnonharwood.com

**CERTIFICATION**

I hereby certify that on Friday, September 01, 2006, a true copy of the within, was served upon the following and in the following manner(s):

**Thomas A. Palombo Esq.**, by electronic means, "CM/ECF", only to " tpalombo@riag.ri.gov".

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RICHARD MOREAU | ) | |
| | ) | |
| VS. | ) | C.A. No: 04-459S |
| | ) | |
| STATE OF RHODE ISLAND, et. al | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

In reply to the opposition filed by the Defendants (Document No.118), Plaintiff states that as a matter of law, Rule 12(f) was not the appropriate vehicle. The only possible basis for a Rule 12(f) motion in this instance would be on a claim that the Defendants' defenses are insufficient. However, only when a defense raised is legally insufficient does Rule 12(f) apply (See Narragansett Tribe of Indians v. Southern Rhode Island Land Dev. Corp., 418 F. Supp. 798, (D.R.I. 1976)). Moreover, "a defense will be stricken only if it 'could not possibly prevent recovery' by plaintiff on [his] claim. Id. (citing United States v. Pennsalt Chemicals Corp., 262 F. Supp. 101 (E.D.Pa. 1967); M.L. Lee & Co. v. American Cardboard & P. Corp.).

For example, a defense of "statute of limitations," asserted during the discovery phase is legally sufficient in light of Plaintiff's claims. By contrast, and by way of further example, an affirmative defense of "self-defense" could not possibly be a defense to those claims; it was not plead by Defendants. Thus, a Rule 12(f) motion to strike the affirmative defense of "statute of limitations" would fail. However, if the facts of the case do not support a particular defense, then in good faith, it likely would not appear in a dispositive motion. Such an omission then begs the Rule 56(d) questioning.

Coincidentally, now that Plaintiff has the benefit of Defendants' dispositive motion, Plaintiff notes that the defense of "statute of limitations" and others (hereafter "Enumerated Defenses") were noticeably absent from their dispositive motion. These absent Enumerated Defenses include the following:

a. First: Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint fails to allege facts sufficient to show that Plaintiff is entitled to recover any damages as against Defendants ("First Defense");

c. Third: Defendants have the benefit of all expressed and implied exceptions to waiver of sovereign immunity ("Third Defense");

d. Fourth: At all times material to the matters alleged in the Complaint, the State, its officers, agents and employees, were in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiff if, in fact, and duties were owed. ("Fourth Defense");

e. Fifth: Defendants claim the benefit of Eleventh Amendment immunity to the extent applicable to this civil action ("Fifth Defense");

i. Ninth: Assumption of the risk ("Ninth Defense");

j. Tenth: Comparative and/or contributory negligence ("Tenth Defense");

k. Eleventh: Plaintiff is not entitled to monetary damages as against Defendants under Federal or State law ("Eleventh Defense");

l. Twelfth: plaintiff is not entitled to punitive damages as against defendants under Federal or State law ("Twelfth Defense");

m. Thirteenth: Plaintiff is not entitled to attorney's fees, interest, or costs under Federal or State law ("Thirteenth Defense");

In addition, the Defendants, Barbara A. Carroll, R.N. and Marylyn Grejdus Hale, R.N., filed and Amended Answer, Exhibit C, which pleads an additional "Fourteenth" affirmative defense of "Statute of Limitations" ("Fourteenth Defense").

(<u>see</u> SSF ¶2-3).

Instead, Defendants raise and argue in their dispositive motion only five dispositive issues, "(1) Whether Plaintiff exhausted his administrative remedies[1]; (2) Whether a suit can be maintained against the Defendants in their Official Capacities; (3) Whether the Defendants violated the eighth amendment; (4) Whether any of the Defendants enjoy qualified immunity; and (5) Whether Plaintiff can establish a legal duty and a casual relationship between the act or omission and the injury (*inter alia* Document #97).[2]

While some of these dispositive issues may correspond to the Enumerated Defenses, it is difficult for Plaintiff to match up, with any accuracy or certainty, the five dispositive issues with any specific Enumerated Defense beyond:

b. Second: Defendants have the benefit of the State's status as sovereign, together with all privileges and immunities which inure to said sovereign status ("Second Defense");

f. Sixth: Defendants acted reasonably and in good faith and did not violate any clearly established law and, therefore, plead qualified immunity ("Sixth Defense");

g. Seventh: The acts or omissions were not a conscious disregard of Plaintiff's needs or rights; were not intentional and willful; and were not in violation of Federal or State law ("Seventh Defense") and

h. Eighth: The acts or omissions do not constitute actual fraud, willful misconduct, or actual malice in violation of Federal or State law ("Eighth Defense");

(see SSF ¶2).

By design, Rule 56(d) is reactionary in nature. The Rule 56(d) interrogation takes place at the motion for summary judgment, and upon its failure (see USCS Fed Rules Civ Proc R

---

1 This appears raised for the first time in Defendant's dispositive motion and not as an affirmative defense.

2 The "duty" and "causal relationship" issues were not clearly invoked by the Enumerated Defenses and also appear recent.

56(d)) Its reactionary nature precludes much more anticipation and preparation beyond that which Plaintiff preserved through filing his own dispositive motion.

Dispositive motions for Plaintiff were due on the same date as Defendants. There was no way to predict exactly which Defenses would be raised or supported.[3] Plaintiff is relieved that he did not squander valuable resources guessing and addressing other issues which were "of no moment"[4]. A Rule 56(d) motion must be accepted method available to Plaintiff as a tool to flesh out unsupportable defenses. The role of lawyers as advocates would be diminish, and would approach a Shakespearian utopia if counsel were to always rely upon the Court's own initiative to engage relief pursuant a provision of Rule 56.

At the time Plaintiff receives Defendant's dispositive motion, Plaintiff is then able to invest time and resources addressing those defenses which are genuinely at issue. It stands to reason that Defendants would utilize viable defenses on a dispositive motion basis in order to conserve their own valuable trial resources. However, since Plaintiff receives Defendants' dispositive motion after the deadline to seek his own affirmative relief, Plaintiff is then disadvantaged, having missed the deadline for requesting his own dispositive relief under Rule 56, to wit Rule 56(d).

Thus, the best any party can hope to accomplish, is to preserve the affirmative relief available through the Rule 56 process by raising Rule 56(d) in anticipation of omitted defenses. To facilitate a trial of genuine issues and not theoretically sufficient but factually deficient

---

3 Defendants appropriately point out that Plaintiff erroneously anticipated the inclusion of expert support in Defendants' anticipated motion. Thus, Defendants indicated that those issues raised in Plaintiff's dispositive motion were of "no moment".

defenses, it is appropriate for Plaintiff to affirmatively narrow the focus for trial by timely raising Rule 56(d). Since Plaintiff cannot possibly predict the contents of opposing counsel's dispositive motion, prior to filing, with adequate time to meet the filing deadline, a timely request for Rule 56(d) relief, supported through incorporation by reference as Plaintiff has, is appropriate.

**WHEREFORE**, Plaintiff respectfully requests his prayer for relief as originally requested in Plaintiff's Motion for Summary Judgment As To Affirmative Defenses, be granted.

Plaintiff,
By Counsel,

/s/ Joseph-Anthony DiMaio, Esq.

Joseph-Anthony DiMaio, Esq.
Attorney #3910
Mckinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655
contact@mckinnonharwood.com

## CERTIFICATION

I hereby certify that on Friday, September 01, 2006, a true copy of the within, was served upon the following and in the following manner(s):

**Thomas A. Palombo Esq.**, by electronic means, "CM/ECF", only to " tpalombo@riag.ri.gov".

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio

---

4 Id.