UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RICHARD MOREAU | : |
| | : |
| v. | : C.A. No. 04-459S |
| | : |
| STATE OF RHODE ISLAND, | : |
| et al. | : |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court is Plaintiff's Motion for Partial Summary Judgment as to Defendants' Affirmative Defenses (Document No. 95) pursuant to Fed. R. Civ. P. 56(d). This matter has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). A hearing was held on October 2, 2006. After reviewing the memoranda submitted by the parties and performing independent research, I recommend that Plaintiff's Motion for Partial Summary Judgment (Document No. 95) be DENIED.

In this Motion, Plaintiff requests that the Court "conduct a Rule 56(d) inquiry to determining [sic] the viability of the Defendants' Affirmative Defenses, and dismiss those defenses that are not controverted in good faith, 'directing such further proceedings in the action as are just.'" Document No. 95 at pp. 3-4. Plaintiff did not submit any evidence in support of his request for a Rule 56(d) "inquiry," nor did he present any factual or legal argument in support. Instead, Plaintiff essentially asks the Court to *sua sponte* test the affirmative defenses set forth by Defendants. Plaintiff makes this request without any factual support, and, at the argument on this Motion, admitted that he was

seeking the Court's assistance. In subsequent response papers, Plaintiff noted that his Motion was filed to "preserve the affirmative relief available through the Rule 56 process by raising Rule 56(d) in anticipation of omitted defenses." Document No. 119 at p. 5. The Court declines Plaintiff's invitation to analyze each of Defendants' affirmative defenses on his behalf.

A Motion under Fed. R. Civ. P. 56(d) is "separate and distinct" from a Motion under Fed. R. Civ. P. 56(c). Russell v. Enter. Rent-A-Car Co. of Rhode Island, 160 F. Supp. 2d 239, 249 (D.R.I. 2001). Rule 56(d) "establishes a procedural mechanism whereby a district court can ensure a more enduring effect for its summary judgment ruling, and, with the acquiescence of the parties, narrow the factual issues for trial." Rivera-Flores v. Puerto Rico Tel. Co., 64 F.3d 742, 747 (1st Cir. 1995). Rule 56(d) provides,

> [i]f on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall <u>if practicable</u> ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of the damages or other relief is not in controversy, and directing such further proceedings in the action as are just.

(emphasis added.) In the present case, the Court does not deem it appropriate or "practicable" to undertake the inquiry requested by Plaintiff. "It is not enough merely to mention a possible argument in the most skeletal way, leaving the Court to do counsel's work, create the ossature for the argument, and put flesh on its bones." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Although Rule 56(d) is separate from Rule 56(c), the standard of review applied to both motions is

the same. Rivera-Flores, 64 F.3d at 747. A party shall be entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When deciding a motion for summary judgment, the Court must review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. Cadle Co. v. Hayes, 116 F.3d 957, 959 (1st Cir. 1997). In the present case, Plaintiff has not provided the Court with any direct legal argument or factual support for his Motion, and the applicable standard of review requires deference to the nonmovant. Thus, Plaintiff has simply not supported his Motion as required by Rule 56(c) and it should be denied. At the hearing, Defendants' counsel agreed that the affirmative defense concerning applicable statute of limitations defenses could now be dismissed from the case, but he declined to concede the remainder of the defenses. Accordingly, I recommend that Plaintiff's Motion for Partial Summary Judgment be DENIED except that Defendants' fourteenth affirmative defense of statute of limitations shall be dismissed pursuant to the agreement of the parties.

## Conclusion

For the foregoing reasons, I recommend that Defendants' Motion for Partial Summary Judgment (Document No. 95) pursuant to Fed. R. Civ. P. 56 be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the

right to appeal the District Court's decision.  See <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

<u>  /s/ Lincoln D. Almond            </u>
LINCOLN D. ALMOND
United States Magistrate Judge
October 27, 2006