**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RICHARD MOREAU | ) | |
| | ) | |
| VS. | ) | C.A. No: 04-459S |
| | ) | |
| STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS, ASHBEL T. WALL, DIRECTOR, JAMES WEEDEN, WARDEN, JOSEPH MAROCCO, ASSOCIATE DIRECTOR OF HEALTH CARE, SCOTT ALLEN, MD, DR. SMILEY, BARBARA A. CARROLL, RN, MARYLYN GREJUDUS, RN, JOHN DOE (1), JOHN DOE (2), JOHN DOE (3) | ) | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Now comes the Plaintiff, in the above titled matter, and respectfully submits his Jury Instructions in the above titled matter as follows:

MEMBERS OF THE JURY:

Now that you have heard the evidence and the arguments, it is my duty to instruct you concerning the law which applies to this case.

It is your duty as jurors t follow the law as I instruct you, and to apply the rules of law to the facts as you find them from the evidence.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law, regardless of any opinion you may have as to what the law ought to be. It is a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in this case.

Nothing I say in these instructions is to be taken as a suggestion that I have an opinion about the facts in this case, it is not my function to determine the facts, but rather yours.

The Plaintiff and the Defendants are each entitled to a fair consideration of their claims and defenses.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. The law is no respecter of persons; all persons, stand equal before the law and are to be dealt with as equals in a court of justice.

**FACTS:**

Plaintiff was admitted to the adult correctional facility in early 2000. Plaintiff's vision was initially tested in September of that year and was fine, "20/40" corrected by ordinary glasses for perfect vision. Plaintiff went from fine vision to permanent blindness in the fall of 2001 because of the Defendant's negligence.

Plaintiff is claiming the Defendant was negligent in that the Defendant made a medical mistake either by (1) ignoring the Plaintiff's complaints in light of Plaintiff's known medical history of hydrocephalus, and despite his specific request for an eye doctor; or by (2) failing to make the medical referral to the eye doctor when it was appropriate, regardless of the Plaintiff's

known prior medical history; or by (3) making the wrong medical decision regarding the length of time for before Mr. Moreau would get to see the optometrist; or by (4) a combination of all previous three. Either or all mistakes in combination were entirely within the Defendant's control and were the proximate cause of the Plaintiff's permanent blindness and damages.

In essence, Plaintiff is complaining that errors were made in the nature, timing, and form of the medical care provided to him as a person serving a period of incarceration.

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, you must accept the stipulation and regard that fact as proved.

In these instructions I will refer to the terms “burden of proof” and “preponderance of the evidence.” The party having the burden of proof, in order to prevail, must carry the burden of proof by a preponderance of the evidence.

To carry a burden of proof by a preponderance of the evidence, does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

**BURDEN OF PROOF:**

In this case, like most, the law places the burden of proof on the plaintiff. All this means is that the law imposes upon the plaintiff the obligation or responsibility of proving his claim. The law requires that one who advances a proposition has the burden of sustaining its validity. Because the plaintiff is advancing a proposition, that is, that the defendant should be held responsible for some harm caused to the plaintiff, it is the plaintiff

who has the responsibility of producing evidence which leads you to believe that what the plaintiff claims is more likely true than not.

The defendant, on the other hand, has no obligation to produce evidence concerning the plaintiff's claim. The defendant does not have to disprove what the plaintiff claims is true. The burden is on the plaintiff to prove each of the elements of his claim to you.[1] However, if you feel the Plaintiff has been obstructed due to the failure of the Defendant to provide certain information or the loss of certain information which the Defendant may have been required to provide or preserve, then you can make certain inferences as to what that information would have proved. There will be more instructions on that topic later.

**Fair Preponderance of the Evidence**[2]

The plaintiff has the burden of proving by a fair preponderance of the evidence, that is by the greater weight of the evidence, that the defendant was negligent and that the defendant's negligence was the proximate cause of plaintiff's injuries.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force,

---

1 DiLibero v. Swenson, 593 A.2d 42 (R.I. 1991); Paramount Office Supply Co. Inc. v. D.A. MacIsaac, Inc., 524 A.2d 1099 (R.I. 1987); Barbieri v. E.M. Young Co., 82 R.I. 382, 110 A.2d 263 (1955).

2 Montouri v. Narragansett Electric Co., 418 A.2d 5 (R.I. 1980); Jackson Furniture Co. v. Lieberman, 65 R.I. 224, 14 A.2d 27 (1940).

and produces in your minds belief that what is sought to be proved is more likely true than not true.

The term preponderance does not mean that degree of proof that produces absolute or mathematical certainty, nor does it mean proof beyond a reasonable doubt; that is, proof to a moral certainty as is required in criminal cases.

If you weigh the evidence offered by each side and believe that the scale tips in however slight a manner in favor of the plaintiff, you must return a verdict in favor of the plaintiff. If the scale balances evenly or in favor of the defendant, you must return a verdict in favor of the defendant.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.[3]

The evidence in the case consists of sworn testimony of the witnesses, whoever called them, and all exhibits in evidence, whoever produced them; and all facts which have been admitted or stipulated, or judicially noticed.

You must determine the facts from the evidence produced in this courtroom. You must disregard anything you have seen or heard outside this courtroom.

As the sole judges of the facts, you must determine which witnesses you believe, what part of their testimony you accept and what weight you attach to it. During the trial I have sustained objections to questions asked without permitting the witness to answer or, where an answer has been made, have instructed that you disregard it. You may not draw any inference form an unanswered question nor may you consider testimony which has been stricken in reaching your decision. The law requires that your decision be made solely upon the evidence before you.

The law does not, however, require you to believe all of the evidence admitted. In determining what evidence you will accept you must make your own evaluation of the testimony given by each of the witness, and \determine the weight you choose to give that testimony.

You should also consider the probability or improbability of the witness's testimony when viewed in the light of all of the other evidence in the case. There may be inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses. This may or may not cause you to discredit such testimony.

The testimony of a witness may fail to conform to the facts as they occurred for any of the following reasons: because the witness did not accurately see or hear that about which he or she testifies; because the witness's recollection of the event is faulty, or because the witness has not expressed himself or herself clearly in giving testimony.

Two or more persons witnessing an incident or a transaction may see or hear it differently; an innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a

---

[3] Modern Federal Jury Instructions, Sand, Siffert, et. al., Instruction 73-2, 1985.

matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

If after consideration of the testimony, it appears that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy may not be reconciled by fitting the two stories together. If, however, that is not possible, you will then have to determine which of the conflicting versions you will accept.

The testimony of a single witness is sufficient for the proof of any fact, and justifies a verdict in accord with that testimony although a number of witnesses have testified to the contrary, if after you consider all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

The test is not which side brings more witnesses or presents more evidence, but which witness and which evidence appeals to your minds as being most accurate, and otherwise trustworthy.

There are, generally speaking, two types of evidence from which you may find the truth. One is direct evidence - such as the testimony of an eyewitness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts in accord with a preponderance of all the evidence in the case, both direct and circumstantial.

**<u>THE NEGLIGENCE CLAIM:</u>**

In order to prove a case for negligence, Plaintiff must prove the three basic elements, they are (1) a duty to act or not act, (2) a breach of the duty, and (3) and damages proximately caused by the breach[4].

Since at all material times, Plaintiff was incarcerated at the Adult Correctional Facility, I am instructing you that the law in this instance has already provided the first element for the Plaitniff; Plaintiff need only show he was serving a term of incarceration in order for the duty to provide medical care to attach[5].

It is up to your deliberations to determine whether the Defendant's actions or inactions breached that duty and whether those actions or inactions that breached the duty caused, either by itself or in combination with other foreseeable causes, the harm or injury to the plaintiff. I will discuss cause and proximate cause in more detail in a moment.

**PRUDENT PERSON[6]**

The standard by which conduct is to be measured in determining whether due care has been exercised under the circumstances is that of an ordinary prudent person. In other words, what would an ordinary, prudent person do under like or similar circumstances.

In a medical negligence case there is a duty to use the degree of care and skill that is expected of a reasonably competent practitioner in the same class to which he or she belongs,

---

4 Montuori v. Narragansett Electric Co., 418 A.2d 5 (1980).

5 Farmer v. Brennan, 511 U.S. 825, 832 (U.S. 1994) ("...prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care..." Id).

6 Hueston v. Narragansett Tennis Club Inc., 502 A.2d 827 (R.I. 1986).

acting in the same or similar circumstances[7]. In other words, a doctor is expected to perform consistent with the care and skill that is expected of a reasonably competent doctor, an nurse of a competent nurse, and a medical clerk, secretary or assistant with that of a reasonably competent medical clerk, secretary or assistant. If you find that the Plaintiff has proved these points, then you must find that the Defendants were negligent and that the Defendant's negligence caused the Plaintiff a harm for which he is entitled to fair compensation.

Then you are to determine exactly harm the Plaintiff sustained because of the negligence, and what value is fair and reasonable to compensate the Plaintiff for those harms or damages you find were so caused.

**PROXIMATE CAUSE - GENERALLY[8]**

The third element which plaintiff must prove is that the Defendants' acts were a proximate cause of the injuries sustained by the Plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of a Defendant and any Injury or damage sustained by the Plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the Defendant's act or omission. If an injury was a direct result or a reasonable probable consequence of a Defendant's act or omission, it was proximately caused by such act or omission. In other words, if a Defendant's act or omission

---

[7] Carlson v. Gillie, 723 A.2d 801 (R.I. 1998); Sheeley v. Memorial Hospital., 710 A.2d 161 (R.I. 1998) that state that

[8] Modern federal Jury Instructions, Sand, Siffert, et. Al., Instruction 87-79.

had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the Plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the Defendant. If you find that the Defendant has proved, by a preponderance of the evidence, that the Plaintiff complains about an injury which would have occurred even in the absence of the Defendant's conduct, you must find that the Defendant did not proximately cause Plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if Plaintiff's injury was caused by a new or independent source of an injury which intervenes between the Defendant's act or omission and the Plaintiff's injury and which produces a result which was not reasonably foreseeable by the Defendant.

**COMPENSATORY DAMAGES**

Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendant should be held liable.

If you return a verdict for a plaintiff, then you must consider the issue of actual damages.

If you return a verdict for the Plaintiff, then you must award him or her such sum of money as you believe will fairly and justly compensate him or her for any injury you believe he or she actually sustained as a direct consequence of the conduct of the Defendant.

You shall award actual damages only for those injuries which you find that Plaintiff was proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find Plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the Defendan. That is, you may not simply award actual damages for any injury suffered by a Plaintiff - you must award actual damages only for those injuries that are a direct result of actions by this defendant.

Actual damages must not be based on speculations or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

**EXEMPLARY OR PUNITIVE DAMAGES**[9]

If you award the Plaintiff actual damages, then you may also make him and/or her a separate and additional award of exemplary or punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a Defendant and others like him from committing such conduct in the future.

You may award the Plaintiff punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if

---

[9] United Stated Supreme Court: Memphis Community School District v. Stachura, 477 U.S. ___, 106 S.Ct. 2537, 91 L.Ed. 2d. 249 (1986).

done in a reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly.

An intent to injure exists when the defendant has conscious desire to injure Plaintiff in a manner he knows to be harmful. A conscious desire to perform the physical acts that caused Plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that Defendant has conscious desire to injure Plaintiff.

If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate the Plaintiff's Federal rights or unlawfully injure him or if you find that defendant acted with a callous or reckless disregard of the Plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirement for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether to award punitive damages, you should consider whether defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent this defendant form again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are

likely to deter or prevent other persons from performing wrongful acts similar to those defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter defendant or persons like him form committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded. Therefore, if you find that punitive damages should be award against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.

## SPOLIATION / DESTRUCTION OF EVIDENCE

During this trial you have heard testimony that one of the parties destroyed/mutilated evidence. When evidence is destroyed we call it "spoliation" of that evidence. Under certain circumstances the spoliation of evidence may give rise to an adverse inference that the spoliated evidence would have been unfavorable to the position of the party who destroyed/mutilated it.

Spoliation of evidence may be innocent or intentional, or it can be somewhere between the two. It is the unexplained and deliberate destruction/mutilation of relevant evidence that gives rise to an inference that the thing destroyed/mutilated would have been unfavorable to the position of the spoliator. If you find that Defendant, through it employees or agents destroyed the Medical Request Slip and did so deliberately then you are permitted to infer that the jury's

consideration of that evidence would have been unfavorable to the Defendant's position in this case.

In deciding whether the destruction of the Medical Request Slip was deliberate you may consider all of the facts and circumstances which were proved at trial and which are pertinent to that item of evidence. You may consider who destroyed it, how it was destroyed, the legitimacy or lack of legitimacy in the reasons given for its destruction, the timing of the destruction, whether the individual destroying the evidence knew the evidence might be supportive of the opposing party, whether the spoliation was intended to deprive the court of evidence as well as any other facts and circumstances which you find to be true. You may also consider the extent to which it has been shown that the spoliated evidence would, indeed, have been unfavorable to the Defendant's position. If the spoliation of the evidence is attributable to carelessness or negligence on the part of spoliator you may consider whether the carelessness or negligence was so gross as to amount to a deliberate act of spoliation[10].

If you find that a party has in bad faith or with deliberate indifference or maliciously destroyed relevant evidence with the sole purpose of precluding an adversary from examining that relevant evidence, or those witnesses, then you may find in favor of that party and award

---

10 Blinzler v. Marriot International, Inc., 81 F.3d 1148 (1st Cir. 1996); Rhode Island Hospital Trust National Bank v. Eastern General Contractors, Inc., 674 A.2d 1227, 1234 (R.I. 1996); Lawrence Solum and Stephen Marzen, Admissions Implied from Spoliation, 45 Yale Law Journal (1935); John MacArthur and Robert C. Vincent, Truth and Uncertainty: Legal Control of the Destruction of Evidence, 36 Emory Law Journal 1085 (1987); 31A C.J.S. Evidence §§ 151-153; see generally ; Mead v. Papa Razzi, 2006 R.I. LEXIS 92 (R.I. 2006)

judgment in that party's favor for that reason alone, although that should be reserved for only the most severe cases.[11]

11 Northern Assurance Co. v. Ware, 145 F.R.D. 281

**Violation of Statute:**

In Rhode Island, there are certain statutes which govern the retention of public records, and others which are more specifically directed towards the retention of medical records. They are found under Title 38 entitled "PUBLIC RECORDS" and Title 5, chapter 34 entitled "Businesses and Professions –Nurses" and Title 5, Chapter 37 entitled "BOARD OF MEDICAL LICENSURE AND DISCIPLINE".

Chapter 1, section 1.1 of the Public Records laws defines a public record as "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, or other material regardless of physical form or characteristics made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency. R.I. Gen. Laws § 38-1-1.1(c) If you find the Medical Request Slip meets this determination, then you must also determine whether its retention was required by those laws.

Chapter 1, section 4 of the Public Records laws provides for the "Keeping of records in vaults provided – Penalty". It states that "when not in use, the records and documents shall be kept in the fireproof rooms, vaults, or safes provided for them. Whoever unlawfully keeps in his or her possession any public record, or unlawfully removes the record from the room in which it is usually kept, or alters, defaces, mutilates, or destroys any public record, or violates any provision of this section, shall, for each offense, be punished by a fine of not less than twenty dollars ($ 20.00) nor more than five hundred dollars ($ 500)." R.I. Gen. Laws § 38-1-4

If you find the Defendant has violated this law, then you must also decide whether the Plaitniff was within the category of persons to be protected by that law. Assuming you have found all the above with respect to the Medical Request Slip to be applicable, then you may take that into consideration as supporting the Plaintiff's claim against the Defendant for negligence.

In addition, or in the alternative, Plaintiff is claiming that certain medical statutes encompass the Medical Request Slip. They are R.I.G.L. § 5-34-24 applicable to nurses, and §5-37-5.1. regarding "Unprofessional Conduct"

Under R.I.G.L. § 5-34-24. "Grounds for discipline of licensees [nurses], The board of nurse registration and nursing education has the power to... discipline a licensee upon proof..." of:...

> "(iii) Willful omission to file or record nursing records and reports required by law;" R.I. Gen. Laws § 5-34-24

R.I.G.L. §5-37-5.1 reads "Unprofessional conduct, The term "unprofessional conduct" as used in this chapter includes, but is not limited to, the following items or any combination of these items and may be further defined by regulations established by the board with the prior approval of the director:...

> (9) Willfully omitting to file or **record,** or willfully impeding or obstructing a filing or recording, or inducing another person to omit to file or **record, medical** or other reports as required by law;"
>
> R.I. Gen. Laws § 5-37-5.1

Should you find that the Defendant, through its employees or agents, violated one of these statues, they you may properly conclude that the violation of the statue supports the Plaintiff's claim that he was injured due to the Defendant's negligence.

**Pain and Suffering** [12]

(a) The plaintiff has the burden of proving that he experienced conscious pain and suffering as a result of the injuries received from the accident which were caused by the conduct of the defendant. When we speak of conscious pain and suffering, we are referring to physical pain and suffering to which there is a level of awareness by plaintiff which results from a injuries.

(b) I will now define pain and suffering for you. "Pain" and "suffering" are two separate things. Pain means physical pain, the kind resulting from a physical impact, and it includes discomfort, stiffness, and restriction of motion. Pain must be conscious pain, as the law does not allow you to award damages for pain to a person who is unconscious.

(c) Suffering means recognizing the pain, the danger resulting from the pain, the knowledge that the pain and treatment for it will continue. Suffering is also sometimes called mental anguish which arises from physical pain. If you find that the plaintiff has proven that in addition to physical pain, he/she has also experienced fright, nervousness, grief, worry,

---

12 New York Pattern Jury Instruction Supplement §2:280; 5 Am. Jur. Trials §95; Jacob A. Stern, Stern on Personal Injury Damages, §2.2-2.3 and §2.7-2.8 (1991).

humiliation, embarrassment, shock or terror, the plaintiff is entitled to recover for this mental suffering.

**FACTORS TO CONSIDER IN AWARDING DAMAGES FOR PAIN AND SUFFERING**[13]

(a) In awarding any damages to the plaintiff for pain and suffering, you must be fair and reasonable. You should not allow any feelings of sympathy for the plaintiff to influence your decision in any way. Any award for pain and suffering should be based on the evidence that has been presented to you either through testimony from witnesses or from the medical records that have been admitted into evidence.

(b) In assessing damages for pain and suffering, you should be calm, objective and dispassionate, and you should not be swayed by considerations of sympathy.

(c) There is no particular formula in which to compute damages for a plaintiff's pain and suffering. There are no objective guidelines by which you can measure the money equivalent of this element of injury; the only real measuring stick, if it can be so described, is your collective and enlightened conscience. You should consider all the evidence

13 Proffitt v. Ricci, 463 A.2d 514 (R.I. 1983); Hayhurst v. LaFlamme, 441 A.2d 544 (R.I. 1982); Bruno v. Caianiello, 121 R.I. 913, 404 A.2d 62 (1979); Worsley v. Corcelli, 119 R.I. 260, 377 A.2d 215 (1977); Jacob A. Stern, Stern on Personal Injury Damage, §2.2-2.3 and §2.7-2.8 (1991).

bearing on the nature of the injuries, the certainty of future pain and the severity and likely duration thereof.

(d) In trying to determine what amount, if any, to award the plaintiff for pain and suffering, you should consider:

(1) the type of injury the plaintiff sustained as a result of the negligence;

(2) the length of time the plaintiff sought and received medical treatment;

(3) whether the plaintiff was hospitalized and for how long;

(4) whether the plaintiff underwent any surgical operations as a result of his injuries;

(5) the extent and severity of plaintiff's injuries;

(6) whether the plaintiff sustained a permanent injury and;

(7) whether the plaintiff was prescribed and took any medications to relieve any pain.

(e) You may also consider the testimony of the plaintiff in describing the nature of his pain, the intensity of the pain and how the pain affected the plaintiff's ability to do everyday activities. Besides the testimony of the plaintiff, you may also consider whether there were any objective manifestations of pain. For example, do the medical records reflect any

objective observations of pain and/or did any witness testify to any manifestations of pain which might consist of swelling, bruising, redness, muscle spasms, trembling, moaning or any other observable manifestations that could be associated with pain.

**MENTAL SUFFERING[14]**

(a) Mental suffering is a compensable element of damages whether the underlying act that caused the plaintiff's injuries was purely mental, purely physical or a combination thereof.

(b) Mental suffering may include nervousness, anxiety, worry, shock, humiliation, embarrassment or indignity.

**PAIN AND SUFFERING WITHOUT EVIDENTIARY PROOF OF OTHER DAMAGES[15]**

You may award compensatory damages for pain and suffering which proximately resulted from the accident even if the plaintiff presented no evidence establishing medical bills or lost wages as a result of the accident.

**LIFE EXPECTANCY and WORK LIFE EXPENCY:**

If you find from the evidence that plaintiff's injuries are reasonably certain to be of a permanent nature, in assessing damages, you may take into consideration plaintiff's life

---

14 Arlan v. Cervini, 478 A.2d 976 (R.I. 1984).

15 Trainor v. Town of North Kingstown, 625 A.2d 1349 (R.I. 1993).

expectancy and work-life expectancy as established by the tables of life published by the United States Department of Vital Statistics. The life tables reflect statistical averages concerning a person's life expectancy. You may also consider other factors in evidence pertaining to plaintiff's health, plaintiff's living habits and plaintiff's occupation, and you may determine whether such factors would have an impact on plaintiff's life expectancy and work-life expectancy.

Plaintiff,
By Counsel,

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio, Esq. (#3910)
Mckinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655
(401) 722-9160
contact@mckinnonharwood.com

**CERTIFICATION**

I hereby certify that on Friday, January 26, 2007, a true copy of the within, was served upon the following and in the following manner(s):

**Thomas A. Palombo Esq.**, by electronic means only to " tpalombo@riag.ri.gov".

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio