**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

RICHARD MOREAU )
)
vs. ) **C.A. No.:04-059S**
)
STATE OF RHODE ISLAND, et. al. )

**PLAINTIFF'S TRIAL EXHIBITS**

Now comes the Plaintiff in the above-entitled matter and hereby attaches hereto his trial exhibits as follows:

**C) Plaintiff's Trial Exhibits:**

| **Exhibit Number** | **Descriptive Reference** | **Purpose(s) Offered** (without limitation) |
|---|---|---|
| 1. | Medical Entrance Exam | Offered as an Admission as to Defendant's observations and knowledge. Shows notice by the Defendant's of Plaintiff's medical condition and status of health upon admission. |
| 2. | 9/17/00 eye examination | Offered as an Admission as to Defendant's observations and knowledge. Shows notice by the Defendant's of Plaintiff's medical condition and status of vision prior to the incident. |
| 3. | 10/24/00 letter from Plaintiff to the Medical Director | Notice regarding the need for special care and attention related to Plaintiff's hydrocephalus and his shunt |
| 4. | 11/15/00 letter from Joseph Marocco | Additional admission regarding defendant's further notice through its Health Care Administrator of the Plaintiff, his hydrocephalus condition and its needs |

| | | |
|---|---|---|
| 5. | Health Care Request Form | Offered as an exemplar of the medical request slip submitted by the Plaintiff when he initially complained of decreasing vision, and requested a visit with the eye doctor |
| 6. | Policy 18.31 | Written procedure regarding use of a Medical request slip/form. |
| 7. | 9/17/01 letter from Plaitniff to Joseph Marrocco | Notice regarding growing concerns with recent vision loss, concerns regarding reprimand on work details; and a desperate plea for an appoint with the eye doctor. |
| 8. | 9/26/01 Examination form and notes taken by Barbara Carroll | Offered as an Admission, in conjunction with Barbara Carroll's testimony, and to show notice of the Defendant's observations and communication with the Plaintiff, and again, of the growing vision problem in conjunction with the Plaintiff medical condition; and that a referral to the eye doctor was appropriate. It is significant for notations made thereon, and to show an ineffective eye doctor referral. It was completed in a negligent manner which may have contributed to the Plaintiff's blindness. |
| 9. | Policy 18.37 | This establishes the standard protocol to ensure clinical treatment in correctional facilities is performed pursuant to written or telephone order. |
| 10. | Plaintiff's "Physician Order form" for 9/5/01 through early 2002. | This shows an absence of any entry as a result of Barbara Carroll's 9/26/01 examination and intended referral. It shows she did not do her job per her own admission that the referral to the eye doctor had to be made on this sheet. |
| 11. | 9/26/01 letter from Joseph Marocco | This document demonstrates the Defendant's actions, through its employees, in scheduling of Plaintiff for a visit with the eye doctor on 10/29/01. |

| | | |
|---|---|---|
| 12. | 10/14/01 Letter from Plaintiff to Marrocco | Additional notice of Plaintiff's concerns regarding vision deterioration. |
| 13. | 10/29/01 Eye Examination | Observations and opinions of a treating physician, the eye doctor, regarding Plaintiff's vision deterioration complaints. |
| 14. | 9/17/01 Invoice from the eye doctor to the State | Offered to show the eye doctor's availability in September of 2001, and specifically on 9/17/01. |
| 15. | 10/30/01 Invoice from Dr. Smiley | Offered to show eye doctor's availability in October of 2001 at a nearby correctional facility building. |
| 16. | 11/5/01 Letter from Joseph Marrocco to Plaintiff | Demonstrates the Health Care administrator's ability to transfer people to the facility where the eye doctor may be on a given visitation day. |
| 17. | 11/29/01 Letter to Plaintiff | Offered to provide a more complete picture of the vision related communications during the relevant time. |
| 18. | Nurse Contact Notes for the Plaintiff from 7/8/00 – 12/24/01 | Provided to give a more complete picture Defendant's awareness of Plaintiff's hydrocephalus, and the of the lack of medical attention given to the Plaintiff despites repeated requests for an appointment with an eye doctor. |
| 19. | Physician Contact notes for the Plaitniff from 3/9/01 – 4/5/02. | Provided to give a more complete picture of the lack of medical attention given to the Plaintiff despites repeated requests for an appointment with an eye doctor. |
| 20. | 1/11/02 treatment note of Dr. Arno Sungarian. | Medical impressions of a treating care provider regarding the likely cause of the vision loss being due to correctible malfunctioning shunt. |
| 21. | 4/22/02 Letter from Anne Fitzpatrick. | Opinion of a treating physician regarding status of Plaintiff's vision as legally blind as of 11/16/01 to the Defendant, through its Medical Program Director and/or Tony Amaral |
| 22. | 5/14/02 RI Hospital Operative Notes | Provides confirmation of the shunt malfunction and blockage. |

| | | |
|---|---|---|
| 23. | Life Expectancy Chart | Demonstrates the length of time that the Defendant will have to endure his blindness. |
| 24. | Work Life Expectancy Chart | Length of time that plaintiff would labor without the benefit of vision |
| 25. | Barbara Carroll Deposition | **Reserved** if necessary to provide her testimony in this fashion. |
| 26. | Harrison Smiley Deposition | **Reserved** if necessary to provide his testimony in this fashion. |
| 27. | Marylyn Hale Deposition | **Reserved** if necessary to provide his testimony in this fashion. |
| 28. | Joseph Marocco Deposition | **Reserved** if necessary to provide his testimony in this fashion. |
| 29. | Joseph Laurie Deposition | **Reserved** if necessary to provide his testimony in this fashion. |

Plaintiff,
By Counsel,

/s/ Joseph-Anthony DiMaio, Esq.

Joseph-Anthony DiMaio, Esq. (#3910)
Mckinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655
(401) 722-9160
contact@mckinnonharwood.com

**CERTIFICATION**

I hereby certify that on Monday, January 29, 2007, a true copy of the within, was served upon the following and in the following manner(s):

**Thomas A. Palombo Esq.**, by electronic means only to " tpalombo@riag.ri.gov".

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio